Judge Ewing
delivered the Opinion of the Court.
Burgen filed his declaration in assumpsit against Smith, as administrator of Joseph Howard, deceased, in which he alleged, that a contract had. been made between Howard, in his lifetime* and the plaintiff, by which it was agreed that the plaintiff should board and clothe said Howard, as one of bis own family during his life, and said Howard was to pay him therefor, the sum of three hundred and fifty dollars—one hundred and fifty dollars to be paid down, the balance thereafter.
The contract does not fall within the statute of frauds and perjuries.
It is not a contract—as. proved, or as set forth ifi the declaration—which is necessarily anot to he performed, within a year.” If the payment was not to be made until the death of Howard, it does not necessarily follow that he may not die before the expiration of the year. But by its terms, there is either no time fixed for the last payment, or if fixed, it was in a short time after the contract was made, as proven by the plaintiff’s witness.
But wre think that the testimony of the witness, Edwin Phelps, introduced by the defendant, should not have been excluded. Though it be conceded, that if the said Howard, after living with, and being clothed by, the plaintiff for some time, voluntarily abandoned his house and did not call or claim it as his home, without the fault of the plaintiff, it would not debar the plaintiff of his right of recovering on the contract Yet as it was proven by the only witness of the plaintiff, that “he had lived there generally, during his life, “ and had his washing done there, and called plaintiff’s house his homo,” it was competent for the defendant by way of rebutting this testimony, as well as by way *138 of weakening the testimony on other points, to prove what he offered to prove by Phelps—to-wit: that “he “ had not lived at tlie Plaintiff’s for the three*last years “of his life, and did not call the plaintiff’s house his ct home.” It was also competent, as a circumstance to be left to the jury, as tending to show a consecutive abandonment of the contract, on both sides.
Th^exeputo of incompetent wit ness for the adm’ of the heir 8 lather.
ft was a]s0 erroneous to reject the testimony of Benjamin Howard. His being the executor of his father, -who was one of the heirs of the said Howard, deceased, ... , .. , did not create m him such an interest as would render
him incompetent. It is a mere fiduciary trust, which may be regarded as a burthen rather than a benefit. And the paper exhibited is a good release of all individual interest, which may devolve on him as one of the distributees of his father.
It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted.