King's Executors *vs* Hanna.

APPEAL FROM THE SHELBY CIRCUIT.

*Frauds, statute of. Assumpsit. Consideration. New trial.*

·CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

ASSUMPSIT.

*Case.* 81.

June 8.

·Case stated.

THIS action of assumpsit was brought against the ·executors of King, upon the alleged promise of their ·testator ·to pay to the plaintiff one thousand dollars at ·his, King's death. The declaration states ·in substance, ·that the said King, in consideration that at his special ·instance and request, the defendant would sell his own farm on which he resided, and buy of King —— acres ·of the farm on which King resided, and would remove ·himself and family ·to the last mentioned farm and reside ·upon it, undertook and promised to pay the plaintiff $1,000, at his, King's death. And the plaintiff avers that ·confiding in said promise, ·he did sell, &c., and did ·buy, &c., and ·did remove with his family ·to, and reside ·upon the purchase, &c. The defendants demurred and ·pleaded the general issue. The demurrer was over-- ·ruled, a verdict rendered for the plaintiff for $1,080, ·and a new ·trial refused to the defendants, who have ·appealed to ·this Court for a reversal ·of the judgment ·against them.

It is now ·contended that the declaration is substanti- ·ally defective, and that the verdict is against the law and evidence in the case.

The first objection taken is, ·that the alleged promise ·being in parol, is within the interdict ·of the statute of ·frauds, and no action can be brought upon it. It has, however, been repeatedly decided in this and other Courts, that a promise, ·though not to be performed ·or completed until the death of a certain person, being contingent and uncertain as to the time of performance, ·does not come within the clause ·of the statute relating ·to promises not to ·be performed within a year: *How-*

A promise not to be performed un- til the death of a certain person, being contingent is not within the statute of frauds. (4 *Dana*, 137; 8 *B. Monroe*, 423, *Chitty on Con- tracts* 68, *note* 2.)

ard's administrators vs Burgen, (4 *Dana*, 137;) *Bull* vs McCrea, (8 *B. Monroe*, 423–4.) In each of these cases the action was brought upon a promise to support the plaintiff (or his intestate,) during life. And although it appears by the evidence in the present case, that King lived about fifteen years after the alleged promise, yet even this fact does not appear in the declaration, nor is any thing disclosed either in the declaration or the evidence, from which the Court would be authorized to assume that the performance of the promise was to be certainly and necessarily postponed beyond the period of one year. It is true, the protraction of the contingency in this case, and the uncertain nature of the evidence, tend strongly to impugn the propriety of the construction which excludes a promise from the operation of the statute, if the time of performance depends upon a contingency which may happen within the year, although it be of such a nature that it may not happen, in fact, for fifty or one hundred years. Whether the principle on which promises to pay at the death of a party or to support him during life, have been decided not to be within the statute, is susceptible of being so modified as to make the application of the statute depend upon the actual circumstances of age, health, &c., as indicating the probability of the contingency happening or not happening within the year, or as showing the expectation of the parties themselves, and thus evincing their real intention, we need not decide; because if such a modification could be established, the circumstances of age, condition, &c., on which its application might depend if they may be inferred from the evidence, are at any rate not disclosed with such certainty or precision as to authorize the Court to say that the jury was bound to find such facts as would have brought the promise within the statute, under any modification of the principle referred to, which does not abrogate the principle itself. And as we are not prepared to overrule the current of decisions on this subject, we are constrained to the conclusion already stated, that the promise in this case is not brought, either by the declaration or the evidence, within the clause of the

statute now under consideration. See authorities referred to: (*Chitty on Contracts*, 68, *and note* 2.)

Nor do we suppose that the action is interdicted by that clause of the statute which relates to contracts for the sale of land or the lease thereof, for a longer time than one year. If Hanna had sold his land to King and this promise of $1,000 had been a part of the price, the promise, though in parol, would have been enforcible if the sale of the land had been evidenced by writing as required by the statute. And although if the sale of the land were by parol, the verbal promise to pay for it could not be enforced, this would be because the consideration of that promise would be itself unenforcible, and therefore, not sufficient to sustain the promise. And even in such a case, if a conveyance of the land be made and accepted, the promise of the vendee, though remaining in parol, is enforcible because he can no longer allege that it is without consideration.

But the present case is stronger against the application of the statute, because the $1,000 promised is no part of the price of land sold or agreed to be sold by the promisee to the promisor, nor even of the consideration or inducement for such a sale. King did not buy nor agree to buy Hanna's land, nor did Hanna sell or agree to sell it to King. But Hanna sold or agreed to sell his land as he might, to any purchaser, and to purchase King's land at a stipulated price, and to remove to and reside upon it; and his doing or agreeing to do these acts, was the consideration of King's promise, or King's promise was the inducement to Hanna's doing or agreeing to do these acts. In one of the counts the inducement is stated more simply, as the purchase or agreement to purchase King's land, &c., and to remove to and reside upon it.

We may here notice that the statement of the consideration in the words that "in consideration that the plaintiff would buy, &c., King promised, &c.," to which objection is made as not showing that there was at the time of King's promise as alleged, any agreement or promise on the part of Hanna, and therefore, as failing to show a mutuality of agreement or obligation, is in

KING'S EX'ORS.
*vs*
HANNA.

A verbal promise to pay for land which has been conveyed is inforcible.

Where promises are mutually the consideration the one of the other performance by the one gives right of action to the other.

KING'S EX'ORS.
vs
HANNA.

strict accordance with the form to be found in 2 *Chitty's Pleadings*, 275, of a declaration for the difference agreed to be paid in the exchange of horses, which as to the point of mutuality is analogous to the present case. And we are of opinion that the words "would buy," &c. as here used, are to be understood as equivalent to the words "was willing or agreed to buy," and as sufficiently indicating a mutuality of agreement.

If upon the first count the promise of King could be considered as a part of the price of Hanna's land, which would, we think, be a strained construction, it certainly cannot be so considered upon the counts which do not mention the sale of Hanna's land as a part of the consideration of the promise. And as it was certainly no part of the price of King's land or of the consideration for his selling, it cannot, upon these last counts, be regarded as being an essential or integral part of the sale of land or of the contract therefor. King in fact, sells his promise at the same time that he agrees to sell his land. The consideration for the sale of the land is so many dollars per acre, then if any part of this price entered into the consideration of the promise, so far the consideration of the promise is money to be paid by Hanna and not land; and if Hanna's removal and residence constituted the whole or any part of the consideration of the promise, still it is the acts of Hanna and not the land that constitute the consideration. If the promise of King entered at all into the sale of his land, it should have enhanced the price, since he was at a future day, to pay back a part of it. But if the removal and residence of Hanna entered into the sale, it should have diminished the money price, and would, therefore, seem to afford no ground for paying back a part of it.

Upon the evidence the money price seems to have been the fair value of the land, and there is no reason to suppose either that the price was increased on account of King's promise to pay, or that it was diminished on account of Hanna's agreement to remove and live upon the land. And although the relation of the parties and the motive of King's desire that Hanna,

The father-in-law promised the son-in-law, that if he would sell his farm and come and buy that of the father-in-law at a stipulated price, that he, the father-in-law, would give him $1,000 at his death—Held that the promise was not within the statute of frauds.

(who was his son-in-law,) should own and remove to his farm, does not fully appear on the face of the declaration, still we think that even on the face of the declaration, it cannot be assumed that the promise of King entered into the estimation of the price of either tract of land. And because it has no reasonable connection with the price of either, the removal and residence of Hanna, including any consequent loss or inconvenience to him or advantage to King therefrom, constituted the real motive of the promise. The promise of King was the consideration of Hanna's agreement to sell and buy and remove, and his agreement to do so was the consideration of the promise. And even if Hanna's agreement must have been reduced to writing before an action could be founded on it, it does not follow that King's promise must also have been written. But as already shown, Hanna, upon executing his part of the agreement, might maintain an action upon the verbal promise, even if it had been for the price of land.

The objection that the declaration does not show that Hanna performed his part of the agreement of selling, purchasing, &c., within a year, if true in fact, is answered by the decision that the promise sued on does not come within that part of the statute which relates to promises or agreements not to be performed within a year. Besides, the declaration, if defective on this point, is so only because it is not specific, its general statements admit of proof showing a performance within the year, and such proof having been in fact made, the defect is cured by the verdict. The same observation applies to the objection that the declaration does not show a continued residence by Hanna on the land purchased from King.

Upon the evidence, we are by no means satisfied that the jury ought to have found for the plaintiff. But there is evidence from which they were authorized to conclude that there was such a promise as alleged, founded in the consideration stated; and although circumstances tend to render it probable that if there ever was a contract to that effect, considered to be binding between the parties, it was waived or satisfied by sub-

Though the court of Appeals may not be satisfied that the jury decided as they should have done, yet against the opinion of the circuit Judge no new trial will be granted, unless there is a decided prepon-

derance of evi-
dence against the
verdict.

sequent arrangements between them, this inference is not conclusive. And we are of opinion that the writings afterwards executed for effectuating the sale of the land, did not merge the promise, because they are not writings intended to evidence the original agreement, but to execute a part of it. And the omission to take any written evidence of the promise for so long a time, is only a circumstance tending to prove that if ever valid, it was satisfied or waived. The effect of this and other circumstances, the jury had a right to weigh, and although we might not have concurred in the verdict, we cannot, in opposition to the approval of the Circuit Judge, set it aside.

Wherefore, the judgment is affirmed.

*B. & A. Monroe and Loughborough* for appellant; *McHenry and Bullock* for appellee.

