## DAVID F. CURLIN *v.* P. B. McCROCKLIN.

**Statute of Frauds.**

    A contract to be performed upon the happening of a future and contingent event, which may happen within a year, is not within the statute of frauds.

**Statute of Limitations.**

    The statute of limitations does not begin to run until a right of action accrues.

APPEAL FROM SPENCER CIRCUIT COURT.

February 3, 1877.

OPINION BY JUDGE COFER:

The evidence offered by the appellant tended to establish the agreement set up as the foundation of the action, and the peremptory instruction given by the court was clearly erroneous, unless one or the other of three propositions urged by counsel for the appellee can be sustained. Those propositions are:

First, that the alleged agreement was within the inhibitions of the statute of frauds and perjury.

Second, that the action is barred by the statute of limitations.

Third, that the parties undertook to reduce their agreement to writing, and parol evidence is inadmissible to prove a simultaneous verbal agreement which is inconsistent with the written memorial.

The agreement as set up in the petition was that the appellee, in case the appellant's wards held him responsible for their share of the fund, which he had consented should go to make the appellee equal to the other heirs of the testator, would refund the amount so received from their respective shares of the estate as disposed of by the will. If such was the agreement then it was not within the statute of frauds. A contract to be performed upon the happening of a future and contingent event, which may happen within a year, is not within the statute. *King's Ex'rs v. Hanna,* 9 B. Mon. 370; *Howard's Adm'r v. Burgen,* 4 Dana 137.

Appellant was, according to the claim, he asserts, to be repaid if his wards compelled him to account to them, and this they might have done at any moment after he allowed the money to be paid to the appellee. They were not compelled to wait until they attained their majority before compelling him to account, nor does the evidence show that the agreement was that the money was to be refunded only in case the wards should hold their guardian responsible after they attained the age of twenty-one years. The appellant's testimony was that the money was to be refunded if they ever held him liable to them.

The appellant's right of action did not accrue until he had been compelled to account to his wards, and the judgment in their favor was not rendered until April, 1871, and was not satisfied until March, 1872. The statute certainly did not begin to run before the judgment was rendered, and as this suit was commenced in 1873, the statute interposed no bar to the action.

In entering into the agreement to allow the appellee to receive an equal share of the estate the appellant acted as guardian for his children, and if the alleged agreement to refund the money was entered

into at all, it was with him as an individual, to indemnify him against the consequences of his unauthorized act as guardian, and for that reason, if for no other, he is not precluded by the writing from setting up the contemporaneous parol agreement.

We are, therefore, of the opinion that the court erred in instructing the jury to find for the appellee, and the judgment must therefore be *reversed,* and the cause remanded for a new trial.

*J. H. Beauchamp, E. E. McKoy, Lindseys, for appellant.*

*Bullock & Beckham, Caldwell & Harwood, for appellee.*