CASE 76—PETITION EQUITY—JANUARY 14.

## Stowers v. Hollis by &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. INFANTS—CONTRACT TO SUPPORT BASTARD CHILD.—The contract of an infant in discharge of an obligation imposed upon him by law, either general or statutory, is valid.

  An infant accused by the mother of a bastard child of being the father of the child may admit his liability, and bind himself by a contract to support the child.

2. STATUTE OF FRAUDS.—Such a contract is not within the statute of frauds, as it might have been fulfilled within a year from the making of it by the death of the child.

3. EVIDENCE.—The mother of a bastard is a competent witness to prove a contract made by the father with her for the support of the child, although he be dead when she testifies, she not being a party to the issue or interested in the result.

Stowers v. Hollis by &c.

THOMAS JOYES FOR APPELLANT.

1. The common law does not impose upon a man an obligation to support his bastard child. That obligation depends entirely upon the statute, and to fix the liability arising from this obligation, the statutory requirements must be strictly complied with. The promise of the father must be expressly alleged and proved; also the time at which it is to be fulfilled. The father's liability is not fixed until established by the verdict of a jury. (Bull v. McCrea, 8 B. Mon., 424; Civ. Code, section 131; Gossam v. Badgett, 6 Bush, 100, 101; Furilio v. Crowther, 1 Dow. & Ry., 612; Simmons v. Bull, 21 Ala, 503, 504; Moncrief v. Eby, 19 Wend., 405; Marlett v. Wilson, 30 Ind., 241; Nine v. Starr, 8 Oregon, 49; 1 Parsons on Contracts, 312; Clarke v. McFarland, 5 Dana, 47, 48; Burgen v. Straughan, 7 J. J. Marsh., 583; 4 Cruise's Digest, page 119; Gen. Stat., chapter 7, sections 2, 3, 6 and 8; Chandler v. Commonwealth, 4 Met., 70; Britton v. Williams, 6 Munf., 453; Bennett v. Davis, 6 Cowan, 393; Soper v. Fry, 37 Mich., 239; Johnston v. Louisville, 11 Bush, 533.)

2. The mother of a bastard child is incompetent to testify against the father in a suit upon a contract made by him with her for the support of the child, he being dead. (Civil Code, section 606, subsection 2; Alexander's Ex'r v. Alford & Co., 4 Ky. Law Rep., 693; Hardin's Adm'r v. Taylor, 78 Ky., 596; Marvin's Adm'r v. Lambert, 10 Bush, 297; Chenowith v. Fielding, 2 Met., 518; Hobbs v. Russell, 79 Ky., 61.)

3. The support of a bastard child is not a necessary for an infant, and his contract therefor is not binding. (Dilk v. Keighly, 2 Esp., 480; Whyall v. Champion, 2 Strange, 1083; Whittingham v. Hill, Cro. J., 494, volume 2.)

4. An infant is not liable on his express contract for necessaries. His implied contract for necessaries is the only one which the law considers binding. (1 Amer. Lead. C., 104; Beeler v. Young, 1 Bibb, 320; Abell v. Warner, 4 Ver., 151; Pool v. Pratt, 1 Chipman, 252; Oliver v. Woodruff, 4 M. and W., 650, cited in Smith on Contracts, page 315; Hanks v. Deal, 3 McCord, 257.)

5. An infant's executory contract is not enforceable. (Swift v. Bennett, 10 Cushing, 438; Earle v. Peale, 1 Salk., 387; 10 Mod., 67; Darby v. Boucher, 1 Salk., 279; Beeler v. Young, 1 Bibb, 320; Pool v. Pratt, 1 Chipman, 252; Hunt v. Peake, 5 Cowen, 475.)

6. The contract was void. It imposed no obligation on the mother, as it could not have prevented her instituting proceedings at any time to enforce the statutory liability. (Com. v. Davis, 6 Bush, 295; Com. v. Turner, 4 Dana, 513.)

7. The contract for the support of the child should have been in writing, as it was not to be performed within one year. (Davenport v.

Stowers v. Hollis by &c.

Gentry, 9 B. Mon., 427; Goodrich v. Johnson, 66 Ind., 250; Dobson
v. Callis, 1 Hurl & Norm., 81; Smith v. Westall, 20 Raymond, 316-
317; Brich v. Earl of Liverpool, 9 B. & C., 392; Sweet v. Lee, 3.
Man. & Gr., 452; Hanna v. King, 9 B. Mon., 369; Bull v. McCrae,
8 B. Mon., 423.)

L. N. DEMBITZ FOR APPELLEE.

1. An agreement by the father of a bastard child that he will support
the child in consideration that the mother will not prosecute him, is.
valid.

2. The statute makes no distinction between adults and infants as to the·
liability for the support of illegitimate offspring. The contract of a:
minor to pay for the support of his illegitimate child is binding-
as being for necessaries. (Swift v. Bennett, 10 Cushing, 463; Turner·
v. Frisby, 1 Strange, 168; Chapple v. Cooper, 13 Mee. & W., 252;
Gen. Stat., title "Bastardy.")

3. A contract to support a child for a given time is not within the statute
of frauds, as it may, by the death of the child, be performed in less
than a year. (Peters v. Westborough, 19 Pick., 364; Elliott v..
Turner, 4 Md., 476; Howard v. Burgen, 4 Dana, 137.)

4. The contract for supporting the child was in favor of the child, not
of the mother. and the mother is a competent witness to prove the
contract against the father. (Alexander's Adm'r v. Alford, 4 Ky·
Law Rep., 693.)

5. One who makes a contract for the benefit of another, is a competent
witness for the beneficiary against the other party.

JOHN L. SCOTT ON SAME SIDE.

1. The claim of a bastard child upon its father for support is equitable.

2. An agreement by the father of a bastard child to support it, in con-
sideration of an agreement by the mother not to prosecute the father,
is valid. This is not affected by the fact that the father is an infant.
This is the same under both statute and common law. (Burgen v.
Straughan, 7 J. J. Marsh., 583; Commonwealth v. Turner, 4 Dana,
513; Chandler v. Commonwealth, 4 Met., 68.)

3. As the object of bastardy proceedings is the maintenance of the child,
all proceedings, agreements or contracts taken or made by the mother,.
have the same effect as if taken or made by the child. (Schouler v.
Commonwealth, Litt. Sel. Cas., 88; Hamilton v. Commonwealth, 3
Mon.. 313; Scanlan v. Commonwealth, 6 J. J. Marsh., 585; Chandler·
v. Commonwealth, 4 Met., 67; Francis v. Commonwealth, 3 Bush, 6.)

4. The mother of a bastard child is a competent witness in a suit upon
a contract by the father to support the child, although he be dead
when she testifies. She is not interested in the result of the pro--
ceeding.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In this equitable action to settle the estate of David Stowers, deceased, the infant appellee, Mary B. Hollis, by her guardian, and as the illegitimate child of the decedent, asserts a claim to a support until she may be able to support herself, or until her death, in case it occurs before the end of that period. She bases her right to it upon an alleged contract for her benefit made soon after her birth, which occurred on April 12, 1879, between the deceased and her mother, by which the alleged father agreed, in consideration that no steps under the bastardy act were taken against him, that he would support the appellee.

In our opinion, the annual allowance until the child might die or become fourteen years old, decreed by the lower court, was reasonable, both as to time and amount, and sustained by the testimony.

It clearly appears that the decedent was the father of the appellee, and while the testimony as to the alleged contract is not of such a convincing character as to place it beyond doubt whether it was ever made, yet this is a question of fact upon which the lower court has passed, and we do not feel authorized upon the testimony to disturb the finding.

The only evidence to support it, however, is that of the mother of the appellee, and it is urged that it having been made by her with one who was dead when she testitified, her evidence under our testimony law is incompetent.

This position is untenable. She is not a party to

the issue, or interested in the result; did not testify for herself, and must be regarded as having acted merely upon behalf of the appellee in the transaction. The promise was for the benefit of the child, but made to the mother, because, under the bastardy act, she was the proper one to institute legal proceedings to compel the father to support the child.

The deceased was under age when the contract was made; and both his then infancy, as well as the claim that the contract was not to be performed within a year, and was, therefore, within the statute of frauds, are relied upon to defeat the appellee.

Section 1, chapter 22, of the General Statutes, provides that no action shall be brought to charge any one "upon any agreement which is not to be performed within one year from the making thereof," unless it be in writing. The contract, however, might have been fulfilled within a year from the making of it by the death of the child. This would have operated as a defeasance of it, and it was therefore capable of a full performance within a year.

If the performance of a contract depends upon a contingency which may happen within a year, then it is not within the statute, although that contingency may not in fact happen until after the expiration of the year; and although the parties may not have expected that it would occur within that period. It is sufficient if the *possibility* of performance existed.

Thus a parol promise to pay so much money upon the return of a certain ship; or to one upon the day

of his marriage; or to support one for a certain number of years, is not within the statute, although the ship may not return, or the party marry, or the person die within a year.

The event *might* have occurred within that time, and therefore the statute does not apply. (Ellicott v. Peterson's Ex'rs, 4 Md., 476; Peters v. Westborough, 19 Pick., 364; Howard's Adm'r v. Burgen, 4 Dana, 137.)

There is a natural obligation upon every man to care for his offspring until it is self-supporting. It is not sufficient in itself as a consideration to support a contract; and by the common law there was no legal liability upon the part of the father to support his bastard child. But in most, if not all civilized countries, he can now, at the instance of the mother, be made to do so, under the statute, by what is known as a "bastardy proceeding;" and if he contracts to do what he can by law be forced to do, and in consideration that no legal steps shall be taken against him to compel it, the contract is not only good in law, but based upon natural justice.

A contract between the putative father and the mother for the payment of a gross sum to the mother, is perhaps open to question as against public policy; but no such question can arise as to a contract like the one now under consideration.

That this is the law where the father is an adult there can be no question, and it would be equally without question as to an infant if by the general law he were responsible, because we regard it as a

sound rule, that where any person, even if he be an infant, does that which the law requires of him, he is bound.

The question next arises whether, where a statute places a liability upon him if certain facts are found in the mode prescribed, he can waive that proceeding and admit his liability, and it be enforced by virtue of his contract.

Our bastardy act does not speak of infants. It provides in a general way that the mother may accuse "any person of being the father of the child;" but in Chandler v. The Commonwealth, 4 Met., 66, it was held that an infant was liable to be proceeded against under it.

He is liable for his tort. It was held in Ray v. Tubbs, 28 Vt., 519, that he was liable upon his note given in satisfaction of a tort, the same as he would have been upon the original cause of action.

The statute provides for an order of filiation; but although an infant, should he not be allowed to waive this and admit his fathership?

If so, as the law then puts upon him the duty of supporting the child, his contract to do so should be upheld. If the legal obligation to do an act exists, he may bind himself by a reasonable contract made for the purpose of discharging that obligation. He merely promises in such a case to do what the law says he shall do. If he executes, for instance, a bond in a bastardy proceeding, he is liable upon it because the law provides for it.

He is bound to pay for necessaries furnished to him, or for the support of his wife and children,

.and it may be said that generally he is bound by any act which by law he is bound to do. The voluntary performance of an act by him, which could .be compelled by law, is binding upon him, and there :is no good reason for a distinction if a duty be required of him by statute instead of the general law, nor for excepting an act, like that in question, from the general rule of law, that he is liable like an adult for his tortious act.

If his contract is in discharge of an obligation, which he is by law, either general or statutory, ibound to perform, it is valid. A contrary rule would only serve the purposes of fraud and injustice. (People v. Moores, 4 Denio, 518; Bavington v. ·Clark, 2 Penrose & Watts, 115.)

In the case of any tort committed by an infant, ·the fact of his guilt must be fixed by a finding, or ·an admission of it by him; and when he is charged with having begotten a child, and admits it, and is willing, in consideration that no legal steps be taken .against him, and he be not involved in costs and litigation, to undertake to support it, is he still to be compelled to go into court, that a mere order of filiation may be entered? We think not. Such a ·course would be needless. A mere verdict or finding of fact would not impose the obligation, because it was created at the birth of the child.

Here the law placed upon him the obligation of supporting his child, who was recognized as such 'by him, and the infancy can not avail to defeat a promise by him which was but the command of the law.

The question is not now presented whether a court would inquire into the reasonableness of the amount which an infant might attempt to undertake to pay in such a case, or for what length of time, because, in this instance, it was not shown by the testimony that any sum or time were named by him, and the same were fixed by the lower court.

Judgment affirmed.