## CAROLINE EISEMAN v. FERDINAND SCHNEIDER.

The defendant made an oral agreement twenty years ago that in consideration of certain domestic services to be performed by the plaintiff, he would support and maintain her during her lifetime. *Held*, that this contract was not within the statute of frauds, because it might have been fully performed and terminated by her death within a year.

---

On rule to show cause.

Argued at February Term, 1897, before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Herbert W. Knight.*

For the defendant, *Samuel Kalisch.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This suit was brought by the plaintiff against the defendant, who is her son-in-law, to recover damages for the breach of an alleged oral agreement made twenty years ago, that in consideration of certain domestic services to be performed by her, he would support and maintain her during her lifetime.

There was sufficient evidence to establish the parol contract.

The defence was set up that the plaintiff, four or five years ago, abandoned the contract by going to Europe and remaining there some time, and that there was no renewal of the contract on her return to this country.

Her absence in Europe was admitted, but she testified that she went abroad with the consent of defendant, who paid her passage; that she returned, with his consent, on a ticket furnished by him, and upon her return resumed her former duties in his house.

This evidence was properly submitted to the jury, and if it was accepted as true the original contract was not abrogated, and the plaintiff was entitled to a verdict for the breach of the agreement, if it was not within the statute of frauds.

As early as the case of *Peter* v. *Compton, Skin.* 353, the great majority of the judges declared that "where the agreement was to be performed upon a contingent, and it does not appear within the agreement that it is to be performed after the year, there a note in writing is not necessary, for the contingent might happen within a year; but where it appears by the whole tenor of the agreement that it is to be performed after a year, there a note is necessary; otherwise, not."

This has been the generally-accepted rule since that case was decided.

Parol agreements to do something for an indefinite period which may be terminated within a year are valid.

To be within the statute, it must be such an agreement as does not admit of performance, according to its language and intention, within a year from the time it is made.

The following contracts by parol have been held to be enforceable and not within the statute of frauds :

To pay upon the death of a third person.

To pay upon the termination of a suit.

To pay on the day of the promisor's marriage, which was the case in Skinner.

To marry upon restoration to health.

To pay out of one's estate after death.

To pay during life of promisee.

To pay during coverture. *King's Executors* v. *Hanna,* 9 *B. Mon.* 369 ; *Sword* v. *Keith,* 31 *Mich.* 247 ; *McConahey* v. *Griffey,* 82 *Iowa* 564 ; *Hutchinson* v. *Hutchinson,* 46 *Me.* 154 ; *Blanchard* v. *Weeks,* 34 *Vt.* 589 ; *Burney, Administrator,* v. *Ball,* 24 *Ga.* 505 ; *Houghton* v. *Houghton,* 14 *Ind.* 505 ; *Blake* v. *Voigt,* 134 *N. Y.* 69 ; *Bull* v. *McCrea,* 8 *B. Mon.* 422 ; *Browne Frauds* (*5th ed.*), §§ 272–276, and cases cited ; *Peter* v. *Compton,* 1 *Smith Lead. Cas.* *143 ; *Howard's Administrator* v. *Burgen,* 4 *Dana* (*Ky.*) 137.

In *Berry* v. *Doremus,* 1 *Vroom* 399, Mr. Justice Vredenburgh, in delivering the opinion of the court, said that the statute applies only to cases where neither side is to perform within one year, although the case did not necessarily turn upon that point.

The contract must, therefore, be regarded as obligatory, and not within the statute.

The plaintiff, at the time of the breach of the contract, was seventy-four years old.

The jury rendered a verdict for the plaintiff for $1,700. This, in the opinion of the court, is clearly excessive, and the verdict will be set aside and a new trial granted unless the plaintiff will elect to accept the sum of $1,000.