CASE 40—ACTION FOR BREACH OF CONTRACT—MARCH 15.

# Pittman v. Pittman.

APPEAL FROM CLINTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.　AFFIRMED.

CONTRACTS—PROMISE TO ADOPT ONE AS CHILD—TIME OF ACCRUAL OF CAUSE OF ACTION.

Held:　Where plaintiff performed services for defendant in consideration of defendant's promise to adopt him and make him defendant's heir, plaintiff can not, during the life of defendant, if ever, recover the value of the service rendered, though defendant acted fraudulently in making the promise, and now declares that he does not intend to carry out the contract, as he may yet conclude to do so.

E. BERTRAM, ATTORNEY FOR APPELLANT.

The petition alleges an agreement between appellant and appellee by which appellant was to labor for appellee for eight years or until he was twenty-one years of age, without compensation, except that appellee was to adopt him and make him one of his heirs at law, that he rendered the service as agreed, and at the expiration of the term appellee refused to adopt him and declared his intention not to do so, and refused to compensate him for his services; that he had confidence in and relied on the promise made by the appellee and worked faithfully for him during said time, but appellee had deceived and cheated him out of his labor.

A demurrer was filed and sustained to appellant's petition, and it was dismissed by the court and he appeals.

We think there is no question of limitation in this case and that the appellant is entitled now to sue for compensation in the lifetime of appellee as he has declared his intention not to adopt the appellant and refuses to compensate him.　Spiers v. Sewell, 4 Bush, 239; Myles' Exr. v. Myles, &c., 6 Bush, 237; Ushers Exr. v. Flood, 83 Ky., 552; Ky. Law Rep., vol. 21, p. 206.

BRENTS & WINFREY, ATTORNEYS FOR APPELLEE.

The petition of plaintiff alleges that twenty-three years ago when he was twelve years of age defendant took him into his family and agreed and promised that if he would become a

Pittman v. Pittman.

member of his family and labor for him until he was twenty-one years of age without compensation he would adopt him and make him an equal and legal heir with his other children, and that he accepted the proposition and did work and labor for defendant until he was about twenty-one, when defendant gave him the balance of his time and he surrendered his claim to a horse, bridle and saddle.

That defendant upon divers times, until about one year ago told him that he had adopted him and made him one of his heirs; that they recognized each other as father and son; that said representations were false and fraudulent and made to deceive and defraud him; that defendant never adopted him, but did have the Clinton County Court make an order apprenticing him to defendant without plaintiff's knowledge, and he did not know of this order until about one year ago. He claims that he has been damaged in the sum of $1,650, for which he sues.

The defendant, appellee, filed a general demurrer to the petition which was sustained by the court and the petition dismissed.

1. This action was not filed until about fourteen years after plaintiff became of age and is barred by limitation.

2. If the petition shows that the action was prematurely brought, as we think it does, the demurrer was properly sustained.

3. If his action was against the estate of defendant, as an heir, it could not be brought in the lifetime of the defendant and must therefore fail.  Chiles v. Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555; Stillwell v. Leary, &c., 84 Ky., 379; Brown, &c., v. Brown, 91 Ky., 639; Ky. Stats., sec. 2579; Mason, &c., v. Mason, &c., 3 Bush, 36.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING

On June 28, 1899, the appellant filed a petition against the appellee, in which it was substantially averred that about twenty-three years previous, and when he was twelve years old, the appellee took him into his family to live, with an agreement that if he would become a member of his family, and labor for him, until he was twenty-one years old, without any compensation except food, clothing, and schooling, he (defendant) would adopt him, thus making

him share in his estate with his other children, and give
him a horse, bridle, and saddle on the arrival at age of
twenty-one years; that he entered into defendant's family,
and performed services under that agreement, and faith-
fully kept it, until he was about twenty-one years of age,
when, by an agreement, defendant gave him the remainder
of his time, on condition that he would relieve him from
the promise to give him a horse, bridle, and saddle. It is
further averred that the defendant represented to him that
he had been adopted and made one of his heirs at law;
that he would receive a share of his estate with his other
children; that defendant recognized him as his son, begot-
ten out of wedlock; that he was ignorant of legal proceed-
ings, and had great confidence in defendant; that he learn-
ed but a short time before that the defendant had not
adopted him as one of his heirs at law; that his previous
statements with reference thereto were false, and were
made by him for the purpose of deceiving plaintiff; that as
matter of fact the defendant had never adopted him as his
son, but had procured the Clinton County Court, without his
knowledge or consent, to apprentice him. It is further
averred that at the time he became a member of defend-
ant's family, as averred, defendant was worth $7,000 or
$8,000; that he is now worth $11,000 or $12,000; that de-
fendant has eight children; that his share of the estate, if
the contract is carried out, would amount to $1,300 or
$1,400; that the defendant now says that he shall never
have anything from his estate; that the labor which he
performed for him as stated, was worth $1,650; and he
prays judgment therefor. To this petition a demurrer was
sustained, and, the plaintiff refusing to plead further, it
was dismissed.

If specific performance of the alleged contract could be enforced, the time has not arrived to do so. The time to demand its enforcement is upon the death of the appellee, because he never promised anything except food, raiment, education, and horse, saddle, and bridle, until his death. Our attention has not been called to any case of this court, nor have we any knowledge of one having been here, involving the question here for determination. In Speers v. Sewell, 4 Bush., 239, the father made an oral contract with his son, whereby he agreed to convey to him his homestead tract of land in consideration of his living with him, attending to his business, and taking care of him and his wife during their lives. Specific performance of the contract was denied because there was no written memorial of the contract, but the court decreed that the son was entitled to compensation for the services which he rendered, and a lien on the land therefor. It was held in Myles' Exrs. v. Myles, 6 Bush., 237, that by a contract to leave a legacy as compensation for services, without any definite agreement or understanding as to the nature and amount of the legacy, no absolute obligation is thereby created. adjudged that where one performed services in faith of a legacy, and it was clearly proven that there was an absolute promise upon such consideration to leave the party a certain and definite legacy, compensation may be recovered by the one thus performing the services. In Usher's Exr. v. Flood, 83 Ky., 552, the same rule was announced as in Speers v. Sewell. It is urged that the statute of limitation prevents a recovery growing out of the alleged contract. Had this action been brought upon the death of the appellee, the statute would not have barred it. Myles' Exrs. v. Myles, *supra;* Thomas v. Feese (Ky.) 51 S. W., 150. In our

opinion, this is not a case for the application of the statute of limitation, because the cause of action has not accrued.

Does the fact that the appellee fraudulently represented that he would make the appellant his heir at law, and thus allow him to inherit with his other children his estate, and his declaration now that he does not intend to carry out that contract, precipitate a cause of action? We think not. The appellee might conclude to carry out the contract by making it possible, by will or otherwise, that the appellant should take a share of his estate. If he should do that, then appellant certainly would have no cause of action against his estate for the alleged services or for specific performance. His estate might be large or small at his death, no one at this time being able to tell when he might die or what he might possess at his death. He did not agree that his estate would be of a certain value. The appellee has during his life the right to carry out his contract with the appellant. If he elects not to do so, then, of course, the appellant would have to proceed to recover from his estate the value of the services which he had performed, if he is not entitled to a specific performance of the contract; but we do not decide what will be his rights, if any he may have, at the death of the appellee. This right existing in appellee, to elect what course he will pursue with reference to the promise which he made to appellant, prevents a cause of action from arising in favor of appellant before the death of the appellee. Therefore, if the appellant can at any time maintain an action on the alleged contract, the time has not arrived for doing so. We think the court properly sustained a demurrer to the petition. The judgment is affirmed.