MARY BURGESSER, RESPONDENT, v. AUGUSTINE W. WENDEL, APPELLANT.

Argued November 8, 1905—Decided February 26, 1906.

1. A change of residence at another's request is a valid consideration for a promise to pay money.

2. A promise to pay a certain sum weekly, as long as the promisee resides in a certain place, does not require a memorandum under the statute of frauds.

On appeal from the First District Court of Newark.

Before Justices DIXON, GARRISON and SWAYZE.

For the respondent, *Charles M. Myers.*

For the appellant, *Edward Kenny.*

The opinion of the court was delivered by

SWAYZE, J.   The District Court found that the plaintiff had resided with the defendant prior to his marriage; that upon that event he provided another house for her, and promised to pay her a certain sum (afterwards fixed at $10) weekly as long as she should continue to reside in the new house; that she was still residing in the house, and that the defendant had failed to pay the weekly allowance for ten weeks.   He rendered judgment in favor of the plaintiff for $80.

It is now argued on behalf of the defendant that the facts as found do not warrant the judgment, because they fail to show a consideration and because, to state the point in the language of the appellant's brief, "there was no agreement in this case as contemplated by the statute of frauds, because there was simply a voluntary payment without consideration."   Before the trial court this objection was stated to be that the contract was not to be performed within one year.

We think the case shows an agreement and not a mere voluntary payment. There was an arrangement between the parties for a change of the plaintiff's residence, and upon this arrangement she acted. If this were not so, the point was not made in the trial court, and cannot now be considered. *O'Donnell* v. *Weiler,* 43 *Vroom* 142.

There was a legal consideration for the defendant's promise. The change of the plaintiff's residence may have been a benefit to the defendant, or a detriment to the plaintiff, or both.

That contracts of this character do not require a memorandum in writing under the fifth section of our statute of frauds has been decided by this court. *Eiseman* v. *Schneider,* 31 *Vroom* 291.

We find no errors, and the judgment must be affirmed, with costs.