### Fearon Lumber & Veneer Company v. Lawson's Administrator.

(Decided October 15, 1920.)

### Appeal from Pike Circuit Court.

1. Contracts—Breach—Damages—Findings—Sufficiency of Evidence. —In an action to recover damages for defendant's refusal to permit plaintiff to carry out a contract to drift logs, evidence examined and held to sustain a finding that defendant breached the

contract, and that plaintiff sustained damages in the sum of $2,000.00.

2. Frauds, Statute of—Agreements Not to Be Performed Within a Year—Possibility of Performance—Contingency.—A contract to float logs, being one which, by reason of high tides, might have been performed within a year, is not within the statute of frauds.

H. R. DYSARD for appellant.

J. S. CLINE and JOHNSON & HATCHER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, L. H. Lawson, brought suit against the Fearon Lumber & Veneer Company to recover a balance of $1,469.07 alleged to be due for work in drifting and hauling saw logs during the years 1909, 1910 and 1911, under a contract by which the defendant agreed to pay plaintiff at the rate of 85 cents per log for drifting and 14 cents per cube for hauling. After filing an answer denying the allegations of the petition, defendant filed an amended answer and counterclaim asking damages in the sum of $2,500.00 because of injury to a large number of logs which plaintiff failed to drift, but left in John's creek or on its banks. Thereafter, plaintiff filed an amended petition asking judgment for the sum of $400.00, which defendant agreed to pay plaintiff for constructing a splash dam. Still later, plaintiff filed a second amended petition pleading that defendant had agreed, in consideration of plaintiff's construction of the splash dam, to permit him to drift about 7,200 logs, on which plaintiff could have made a profit of 50 cents a log, but that defendant breached the contract and refused to let plaintiff drift the logs, to plaintiff's damage in the sum of $5,000.00. The allegations of the amended petitions were traversed of record. Thereupon the cause was referred to the master commissioner to hear proof and report his finding. The commissioner found that there was due plaintiff the sum of $400.00 on the splash dam, and $769.07 on logs which plaintiff had actually drifted. He further found that defendant placed in John's creek about 5,000 logs which it refused to permit plaintiff to drift, and plaintiff could have made a profit on each log of 40 cents, thus fixing plaintiff's damages on this item at $2,000.00. Exceptions were filed to the commissioner's report and overruled. Judgment was then rendered in favor of plaintiff for $3,169.07. Defendant appeals.

Defendant's agreement to pay $400.00 on the splash dam is conceded, and its liability on the item of $769.07, if not conceded, is clearly established by the evidence.

The allowance of damages in the sum of $2,000.00 is challenged on several grounds. In the first place it is insisted that plaintiff himself breached the contract in that he permitted several tides to pass without drifting the logs to their destination, and because of that fact, not only should plaintiff's claim for damages have been rejected, but defendant should have been allowed a recovery on its counterclaim because of the damage to the logs which plaintiff failed to drift. After carefully considering the evidence on this point, we find ourselves in accord with the commissioner and the chancellor, who found that plaintiff's failure to drift the logs was not due to any negligence on his part, but to the lack of sufficient water, and that before the necessary tides came, defendant took the contract away from plaintiff and sent its own agent to complete the drifting. A further contention is that the damages allowed were excessive. On this question plaintiff and other witnesses, who had several years' experience in drifting logs, testified that plaintiff could have made a profit of from 50 to 60 cents on each log. On the other hand, defendant's president said that it actually cost the company over a dollar to drift the logs, and defendant's agent, who did the drifting, testified that he thought that it cost over a dollar. The value of the testimony for plaintiff is questioned on the ground that his witnesses had never had any experience as contractors, but that their experience was confined solely to that of day laborers working for others. It may be conceded that their evidence is not altogether satisfactory in that they did not give the facts upon which their estimates were based, but the same is true of defendant's witnesses, one of whom merely stated in a general way that it cost over a dollar, while the other thought that it cost over that amount. In this connection it is suggested that plaintiff should have obtained the evidence of experienced contractors. Doubtless this would have been better, but we must not forget that if plaintiff's witnesses placed too high an estimate on the profit on each log, there was nothing to prevent defendant from counteracting the effect of such testimony by the testimony of more experienced witnesses, which it failed to do. In view of the decided conflict in the evidence, we are not disposed to hold that the commissioner and chancellor erred in fixing the profit which plaintiff

could have made on each log at 40 cents. Nor can we say that the number of logs was placed too high. While plaintiff claimed that the contract embraced about 7,200 logs, the commissioner allowed a recovery on only 5,000 logs, which the defendant's agent admitted were drifted by him after the contract was taken from plaintiff.

Another contention is that the contract being oral, and one not to be performed within a year, is within the statute of frauds. The rule is, if the performance of a contract depends upon a contingency which may happen within a year, then it is not within the statute, although that contingency may not in fact happen until after the expiration of the year, and although the parties may not have expected that it would occur within that period. It is sufficient if the possibility of performance existed. Stowers v. Hollis, 83 Ky. 548. Here, the contract was not required by its terms to be continued beyond the year. There might have been sufficient tides in the creek to have enabled plaintiff to drift the logs to their destination within less than a year. In the case of Ford Lumber & Mfg. Co. v. Cobb, &c., 138 Ky. 174, 127 S. W. 763, we held that a similar contract to float logs was not within the statute of frauds.

Judgment affirmed.