## Hacker v. Hornsby's Administrator.

(Decided February 14, 1928.)

### Appeal from Clay Circuit Court.

Bastards.—In action by an illegitimate daughter against her father's administrator, question whether decedent promised plaintiff's mother shortly after birth of plaintiff that, if the mother would not institute bastardy proceedings, he would make a will, such that if plaintiff survived him, she should share equally with his other children, held for jury.

A. D. HALL for appellant.

W. W. RAWLINGS and FRANK H. BAKER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant, Mary Hacker, is an illegitimate daughter of the late L. F. Hornsby, and this is an action by her against his administrator on an alleged contract made by him with her mother to provide for her out of his estate in consideration of forbearance upon the part of her mother to institute bastardy proceedings against him. The trial court peremptorily instructed the jury to find for the defendant at the close of appellant's evidence. The appeal questions the correctness of that instruction.

Appellant's mother testified that within a year after the birth of appellant she contemplated instituting bastardy proceedings against L. F. Hornsby, appellant's father. To induce her not to do so, Hornsby agreed that he would help care for and educate his illegitimate child, and that he would see that she shared equally with the rest of his children in the distribution of his estate at his death. Relying upon, and pursuant to, this promise and contract, she did not institute bastardy proceedings against him. By her testimony appellant's mother appears clearly to have made a case for her within the principles governing this question announced in Clark's Adm'x v. Callahan, 216 Ky. 674, 288 S. W. 301; Clark's Adm'r v. Campbell, 212 Ky. 341, 279 S. W. 327; Lewis v. Creech's Adm'r, 162 Ky. 763, 173 S. W. 133; Burgen v. Straughan, 7 J. J. Marsh. 583; Clarke v. McFarland, 5 Dana, 45; Benge v. Hiatt, 82 Ky. 666, 56 Am. Rep. 912; Stowers v. Hollis, 83 Ky. 544; Puthuff v. Sewards, 9 Ky. Law Rep. 578.

The trial court held that there was no evidence of the contract relied upon in the petition; hence the directed verdict. His opinion found in the record discloses the reasons inducing the conclusion that there was no evidence to support the contract pleaded. It was pleaded that Hornsby agreed that he would help care for and educate appellant, and that "he would make a will in which he would provide for her equal with his legitimate children which he might have at his death in the distribution of his property." The testimony was that Hornsby agreed to help care for and support appellant, "and, if she outlived him, that he would see she shared equally with the rest of his children." The trial court's reasoning was that the contract proved might have been performed by Hornsby either by making a will or by gift or advancement or by adopting appellant and thus making her his heir; hence that there was no evidence to support the contract alleged. There might be force to this argument if the evidence had been that Hornsby agreed to adopt appellant, when the contract relied on in the petition was that he would make a will to the end that she should share equally with his other children.

As appellant's mother testified, part of the agreement between her and Hornsby was that, "if she (appellant) outlived him, that he would see she shared equally with the rest of his children." That seems clearly to be evidence that he agreed to make a will to that end, because the making equal was to be accomplished at his death, and the most common way of equalizing those who under the law would not share equally is by will. Her other testimony as to the contract shows clearly that they did not contemplate adoption as a means of making appellant equal. The evidence as to what Hornsby agreed to do was certainly broad enough to include the equalization of appellant with his other children by will, and was certainly not narrow enough to exclude that method. We are constrained to the view that the trial court erred in concluding that there was no evidence to support the allegations of the petition and in directing a verdict for defendant.

Reversed and remanded for a new trial and other proceedings consistent herewith.