# Conley's Administrator et al. v. Hall.

(Decided Oct. 22, 1935.)

HOWES & WALKER for administrator.

WHEELER & WHEELER, and C. B. WHEELER for Conley heirs.

W. R. PRATER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

David M. Conley died intestate February 4, 1934, and D. H. Horton was appointed and qualified as administrator of his estate. Appellee, Elizabeth Hall, filed a claim for $13,000 with the administrator against the estate. In the affidavits filed in support of the claim, it was stated that the claimant was the illegitimate child of David M. Conley, and that within a month after her birth, when her mother was threatening to institute bastardy proceedings against Conley to compel him to support claimant, the claimant's mother and Conley entered into a contract whereby he agreed to contribute to the support and maintenance of the claimant and to make her an equal heir with any other children he might have, and if he had no other children, to make her his sole heir in consideration of her mother's agreement to forbear from instituting bastardy proceedings against him; that pursuant to the contract her mother did refrain from instituting bastardy proceedings against him, and David M. Conley did contribute to the support and maintenance of the claimant and at all times recognized her as his child, but that he neglected and failed to provide for her out of his estate in accordance with the contract. It was further stated that after the payment of all debts, funeral expenses, costs of administration, and the exemptions and distributable share of the widow of David M. Conley, the net worth of the estate was $13,000. The administrator declined to pay the claim, and this suit was instituted.

David M. Conley left surviving him his widow, but no legitimate children. As collateral heirs, he left two brothers and more than fifty nephews and nieces, children of his deceased brothers and sisters. These nephews and nieces and the two living brothers filed a pleading styled, "Petition to be made parties and cross petition against the defendant herein," in which, after traversing the allegations of plaintiff's petition, they pleaded and relied upon the 5 and 15-year statutes of

limitations in bar of her claim. They alleged that the appraisers had omitted certain property from their report and that the net value of the estate, after the payment of debts, funeral expenses, costs of administration, and the distributable share of the widow, was more than $14,000. They asked to be made parties to the action and that they be adjudged to be the legal heirs of David M. Conley, deceased; that the petition of Elizabeth Hall be dismissed, and that the action be transferred to the equity side of the docket and referred to the master commissioner for a full and complete settlement of the estate.

The court permitted the intervening petition to be filed, and the intervening petitioners were made parties for the purpose of resisting the claim of the plaintiff, Elizabeth Hall, but their motion to have the action transferred to the equity docket and the case referred to the master commissioner for settlement of the estate was overruled. They later tendered and offered to file an amended intervening petition in paragraph 1 of which they alleged that Sarah E. Conley, widow of David M. Conley, deceased, was a necessary party to the action, and they asked the court to enter an order directing her to be made a party defendant. In paragraph 2 they alleged that the contract, if it existed, was not to be performed within one year, and, therefore, was unenforceable. In paragraph 3 the 30-year statute of limitations was pleaded, and in paragraph 4 it was averred that the alleged contract between plaintiff's mother and David M. Conley, if entered into at all, was made and entered into about 48 years before David M. Conley's death, and her failure during all these years to assert any right or interest in the estate of David M. Conley, or against him personally under such contract, constituted laches which estopped her from asserting the claim against his estate after his death. The court refused to make the widow a party to the action, but permitted the amended intervening petition to be filed for all other purposes. The issues were completed and on the trial of the case the jury returned a verdict for the plaintiff for the sum of $10,500, and the administrator and the intervening petitioners have appealed.

Sarah Conley, mother of the plaintiff, Elizabeth Hall, testified that she was 74 years of age at the time of the trial, and that she was unmarried when her daugh-

ter was begotten and born; that David M. Conley was the father of Elizabeth Hall, and after she had ·threatened to institute bastardy proceedings against him to compel· him to contribute to the maintenance and support of her bastard chaid, and within two weeks after the birth of plaintiff, she and David M. Conley entered into a contract whereby Conley agreed to contribute to the support of plaintiff, and if he had any other children to make her an equal heir with them, and if he had no other children to make her his sole heir. In consideration thereof, she agreed not to institute bastardy proceedings against him; that she performed her part of the contract, and that Conley performed his part of the contract to the extent that he assisted her in the maintenance and support of the child. Several years after the birth of the plaintiff she married Henry Conley, a brother of David M. Conley.

A number of witnesses testified that David M. Conley admitted in conversations with them that the plaintiff was his child, and that he stated he intended to give her his estate. He told several persons at various times that Sarah Conley threatened to sue him after the birth of the plaintiff, and that he compromised the case with her by agreeing to contribute to the plaintiff's support and to make her his heir.

It is urged that the motion of the intervening heirs to transfer the case to the equity docket and refer it to the master commissioner for settlement of the estate should have been sustained and that the widow, Sarah E. Conley, being an interested party, should have been made a defendant. The widow's interest in the estate is unaffected by plaintiff's claim. The plaintiff sued for the value of the estate less the widow's share, and the case was submitted to the jury on that theory. The widow's exemptions and distributable share of the estate will be paid to her before the plaintiff's judgment is satisfied. She was not a necessary party, and the court did not err in refusing to make her a defendant. The action was purely an ordinary one for damages for breach of the contract, and the court properly declined to transfer the case to the equity docket. Mercer v. Mercer's Adm'r, 87 Ky. 30, 7 S. W. 401, 9 Ky. Law Rep. 884.

The appellants complain of the ruling of the trial court excluding evidence as to certain statements made

by David M. Conley during his lifetime to the effect that he did not intend to make any provision for plaintiff out of his estate, and also tending to show that the relations between him and the plaintiff and her children were unfriendly. As an example of this evidence, one of the intervening petitioners, a nephew of David M. Conley, offered to testfy that his uncle owned very little property until the last few years of his life. He owned a small tract of land of little value, but oil was discovered on it, and as a result he accumulated a considerable estate shortly before his death. Plaintiff and her children had always referred to him derisively as "Old Dave Conley," but immediately after the discovery of oil on his land plaintiff began to call him "Pa" and her children began to speak of him as "Grandpa." When informed of this change in their attitude toward him, he said in substance, "So far as I am concerned, they can continue to call me 'Old Dave.'" It is conceded that his statements to the effect that he did not intend to provide for plaintiff out of his estate were self-serving and inadmissible on the issue as to the existence of the alleged contract, but it is argued that they were admissible on the question of laches, and that if plaintiff or her mother knew of such statements, they constituted notice to them that Conley did not intend to carry out the provisions of the alleged contract, and that failure on their part to take some action within a reasonable time thereafter to enforce the contract amounted to laches which would estop plaintiff from recovering under the contract after his death. The fatal defect in this argument is that plaintiff's cause of action did not accrue until David M. Conley's death. The contract was not breached until he died without making the agreed provision for plaintiff out of his estate. Pittman v. Pittman, 110 Ky. 306, 61 S. W. 461, 22 Ky. Law Rep. 1751.

Appellants contend that the alleged contract is against public policy and void, and they cite and rely upon Willoughby v. Motley, 83 Ky. 297, 298; Mercer v. Mercer's Adm'r, 87 Ky. 30, 7 S. W. 401, 9 Ky. Law Rep. 884; Davis v. Jones' Adm'r, 94 Ky. 320, 22 S. W 331 15 Ky. Law Rep. 89, 42 Am. St. Rep. 360, and Steele v. Crawford, Ex'r, 197 Ky. 798, 248 S. W. 197. In Steele v. Crawford, the alleged agreement was that the putative father was to support his bastard child in consideration

of the mother's agreement not to prosecute him on the charge of seduction. It was held that the purpose of the agreement was to compound a felony, and that the agreement, therefore, was against public policy and void. In none of the other cases cited by appellants was the agreement of the father to support his illegitimate child and to provide for it out of his estate made in consideration of the mother's promise not to institute bastardy proceedings against him. A bastardy proceeding is a civil action to compel the father of a bastard child to support such child. An agreement by the mother not to institute such proceedings does not amount to the compounding of a felony and is not contrary to public policy. We have uniformly held that such a promise by the mother constitutes a valid consideration for the promise of the putative father to support his illegitimate child and to provide for it out of his estate, Burgen v. Straughan, 7 J. J. Marsh. 583; Clarke v. McFarland's Ex'rs, 5 Dana 45; Doty's Adm'r v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064; Clark's Adm'x v. Campbell, 212 Ky. 341, 279 S. W. 327; Hacker v. Hornsby's Adm'r, 223 Ky. 122, 3 S. W. (2d) 173; Smith v. Wagers' Adm'rs, 238 Ky. 609, 38 S. W. (2d) 685; Mayfield v. Cupp, 251 Ky. 328, 64 S. W. (2d) 884; Bowling v. Bowling's Adm'r, 222 Ky. 396, 300 S. W. 876; nor is such a contract, though oral, within the statute of frauds (Ky. St. sec. 470) and unenforceable inasmuch as the contract may be fulfilled within a year from the time it is made. Stowers v. Hollis, 83 Ky. 544, 7 Ky. Law Rep. 549.

Some complaint is made of the instruction because the court did not sufficiently describe the property to which the widow was entitled so as to enable the jury to determine the net value of the estate after her exemptions and distributable share had been paid to her. The condition of the estate and the property to which the widow was entitled was definitely disclosed by the evidence, and we are of the opinion that the instructions fairly and clearly presented the issue as to the value of the estate.

Judgment is affirmed.