### Finch's Ex'r et al. v. Hopewell et al.

Feb. 21, 1941.

496

J. F. Winn, Harvey T. Lisle and R. R. Craft for appellants.

No brief filed by appellees.

Opinion of the Court by Morris, Commissioner— Reversing.

The question for consideration is whether or not the court correctly sustained a demurrer to and dismissed petition filed by appellants. The demurrer admitted the truth of its allegations which in substance showed the following facts:

In 1928 the trustees of the "Clark Methodist Church," in Winchester, executed to J. B. Kennedy a mortgage on the church building, lot, and parsonage to secure a debt of $7,550. In 1931, Kennedy was threatening foreclosure; Finch, and others at the special instance and request of the trustees, executed a note to Kennedy in the sum of $500 due in six months. Kennedy accepted the note, credited the amount of his mortgage debt, and later credited it on a judgment recovered against the church.

It was alleged that when the note was executed, the church by its trustees agreed to save harmless the makers if they should be compelled to meet its payment, in which the church had failed.

In March, 1937, Kennedy sought to recover of the makers of the note, and in April of the same year recovered judgment. On May 14th execution issued and was levied on the property of the obligors and on June 26th they satisfied it by the payment of $725.03, principal, interest and costs. Their prayer was for recovery

of the sum named from the church and the trustees as such, but not individually.

There is no brief for appellees. The record shows indirectly that counsel for defendants withdrew from the case after the filing of the demurrer. Other counsel appeared and agreed that the cause should be revived in the name of the executor of Finch, but not thereafter.

Counsel for appellant state the grounds upon which the chancellor sustained demurrer to have been: First, that the agreement to indemnify was in the nature of a contract to answer for the debt or default of another. Secondly, the contract, not to be performed in one year, was not in writing, and lastly was barred by the statute of limitations.

The application of the limitation statute, if properly plead, will in this case, as in all others where brought forward, depend upon when the cause of action accrued. The general rule is that the plea of limitations to be available must be by a pleading and ordinarily cannot be raised by demurrer. Treas v. Bank of Marshall County, 234 Ky. 376, 28 S. W. (2d) 43. There are exceptions to the rule; one is evidenced in Forman v. Gault, 236 Ky. 213, 32 S. W. (2d) 977. This case does not come within exceptions. Markwell v. Kahlkoff, 258 Ky. 231, 79 S. W. (2d) 984; River Excursion Co. v. City of Louisville, 244 Ky. 811, 51 S. W. (2d) 470. This action appears to have been commenced within a short time after accrual.

The petition on its face, if otherwise good, sets out facts which would require affirmative plea of limitations; however, if the other ground stated are sound, then we need pay little attention to the question of limitation.

The other points suggested by appellants as having been relied upon in discussion of demurrer have to do with Section 470, Kentucky Statutes, commonly known as the Statute of Frauds. This statute provides that no actions shall be brought to charge any person:

"4. Upon a promise to answer for the debt, default, or misdoing of another; nor, * * *

"7. Upon any agreement which is not to be performed within one year from the making thereof, unless the * * * agreement, * * * or

ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged * * *.''

The gist of the action is plain. The church agreed with appellants that if they would forestall the foreclosure proceedings by the execution of the note, the church would save harmless, indemnify them, meet the payment of the note, which the church has refused to do. It appears at first blush that the agreement was not within the statute, since it did not contemplate the promise of the church to pay the debt or to answer for the default or misdoing of another; it was merely the promise of the church to later pay its own debt.

The legal effect of the execution of the note by appellants to Kennedy was no more nor less than their becoming sureties on the original note to Kennedy to the extent of five hundred dollars. The promise to indemnify, to pay or to hold harmless was no more nor less than an agreement that if the sureties suffered loss, the original debtor would make good. The promise was an inducement for appellant to assure payment to Kennedy to the extent of $500. We held in Dyer v. Staggs, 217 Ky. 683, 290 S. W. 494, that an oral agreement by a father to repay sureties on a supersedeas bond, given by sons, or to indemnify them in the case of default by the principal, was not such an agreement as is contemplated by the statute. The case supra cites a number of cases in support.

The above case is made the subject of a note to Newhern v. Fisher, 198 N. C. 385, 151 S. E. 875, in 68 A. L. R. 345, 348, which points out that Kentucky had aligned itself with what the textwriters' class as weight of authority; and suggests that the view ''is predicated on the theory that the promise of indemnity, when made to the prospective debtor or surety, is an original promise made directly to the latter, and not a collateral one made to the creditor to pay a debt that another might owe him.''

As to the second proposition we are concluded that Subsection 7 of 470 Kentucky Statutes has no application, since we have frequently held that the statute does not lie as a bar where a contract, though indefinite as to time of performance, is capable of being performed by one of the parties within a year. Markwell v. Kahlkoff,

supra, and cases cited. One case and in point was West v. King, 163 Ky. 561, 174 S. W. 11, which in turn cited and relied on East 'rennessee Tel. Co. v. Paris Electric Company, 156 Ky. 762, 162 S. W. 530, 532, Ann. Cas. 1915C, 543, in which we wrote:

"There are numerous authorities holding that 'contracts for the performance of which no time is fixed, but which from their subject-matter admit of performance within the year, are not within this clause of the statute, even if it is probable that che contract will be performed after the year,' and others holding that, 'if the contract provides for performance upon the happening of some event which may or may not take place within the year, such contract is not within the statute.'" Page on Contracts, 674, 675, and numerous cited authorities.

Here the debt of Kennedy was due. The church agreed that if the makers would execute the forestalling note, the church would make good any loss. The note to Kennedy was a six months' note. He could have enforced payment at the end of six months. The contract could have been performed within the year. See Conley's Adm'r v. Hall, 261 Ky. 1, 86 S. W. (2d) 1015.

Judgment reversed with directions to set aside the order sustaining demurrer and dismissing the petition, and for further consistent proceedings.