## Grayson County Bank v. Elbert, et al.

(Decided May 23, 1911.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

Bills and Notes—Endorser—Notice—Under the Negotiable Instrument act, the endorser is released unless notified in writing of the non-payment of the note at maturity. The petition must show notice was given or excuse its not being given.

CHARLES CARROLL for appellants.

S. R. WOLF and CHAS. F. TAYLOR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

This case is similar to the case of First National Bank v. Bickel, this day decided. The following note was executed to the Grayson County Bank:

$1,000.                    Louisville, Ky., June 5, 1908.

"Four months after date we promise to pay to the order of Grayson County Bank * * * on thousand and 00-100 * * * without defalcation, value received, negotiable and payable at Grayson County National Bank, Leitchfield, Kentucky.

"LOUISVILLE WOODSTOCK CO.,
        "By H. BROWNELL, Sec. & Gen. Man."
The note was endorsed as follows:

"H. Brownell, Noah Elbert, T. F. Elbert, J. J. Bosemer, A. J. Eckles, H. W. Richardson."

The note was not paid at maturity and this suit was brought by the bank against the endorsers. The petition did not allege that notice of dishonor was given to the endorsers or state facts excusing the failure to give notice. The circuit court sustained a demurrer to the petition on this ground. Thereupon the plaintiff filed the following amended petition:

"It further says that on June 5, 1908, the Louisville Woodstock Company was, and for some prior time thereto had been, a corporation incorporated under the laws of this State for the purpose of manufacturing certain articles out of wood, and its principal place of business was Louisville, Kentucky, and it was authorized to contract and be contracted with, sue and be sued in its corporate name, which was and is as above stated. The defendants and each were at the time above mentioned stockholders in said company. On June 5, 1908, the Louisville Woodstock Company was in need of $1,000 to conduct its business, and defendants as stockholders in said company all and each were anxious that it get said money, and this plaintiff agreed to loan said money to said company provided said company would execute and deliver to it its promissory note for said sum due four months thereafter with defendants and each as sureties upon said note. Thereupon said Louisville Woodstock Company and defendants for the purpose of borrowing said sum from plaintiff prepared a note in words and figures as follows:

(Here follows note sued on.)

"Said note was on June 5, 1908, signed by Louisville Woodstock Company, and at the same time each of defendants wrote his name on the back of said note, and this was done by defendants and each with the intention of borrowing from plaintiff said one thousand ($1,000) dollars, and defendants and each by so signing his name upon said note intended to bind himself and understood he was bound as surety upon said note. Plaintiff says that when said note was executed, it was then delivered to it, and plaintiff loaned upon said note to Louisville Woodstock Company and defendants said sum of one thousand ($1,000) dollars for the period of four months from June 5, 1908. Plaintiff says it would not have loaned said money upon said note, unless it understood and believed that defendants and each were bound upon said note as sureties. Plaintiff says that upon the maturity of said note, it was not paid, and this fact became and was immediately known to all and each of said defendants, and said fact was at once communicated by plaintiff to all and each of said defendants, and said note is still due and unpaid."

The circuit court sustained a demurrer to the petition as amended, and dismissed the action; the plaintiff appeals.

In the case of First National Bank v. C. C. Bickel, et al., this day decided, we held that notice of dishonor is necessary to charge the endorsers of a note like this; that parol evidence may not be received to give a written contract a different effect from that fixed by the statute, and that the stockholders of a corporation endorsing its note, are not the parties for whose accommodation the instrument is made. It remains to determine whether the petition sufficiently alleges notice of dishonor.

The Grayson County National Bank is located in Grayson County. The Louisville Woodstock Company is located in Jefferson County and the endorsers reside there. It is alleged in the petition that upon the maturity of the note it was not paid and that this fact was immediately known to each of the defendants, and was at once communicated by plaintiff to each of them. A written notice is not alleged, and it is insisted that a verbal notice under the statute is sufficient. Such was the

common law rule. Sections 95 and 96 of the act, as prepared by the conference of Commissioners, are as follows:

"A written notice need not be signed, and an insufficient written notice may be supplemented and validated by verbal communication. A misdescription of the instrument does not vitiate the notice unless the party to whom the notice is given is in fact misled thereby." (Sec. 95.)

"The notice may be in writing or merely oral, and may be given in any terms which sufficiently identify the instrument and indicate that it has been dishonored by non-acceptance or non-payment It may in all cases be given by delivering it personally or through the mails." (Sec. 96.)

It appears from the Senate journal that while the bill was under consideration in the Senate the word "not" in the first line of section 95 was stricken out. In some way, it does not appear when the word "verbal" in the third line of section 95 was changed to the word "written;" and the words "or merely oral" in section 96 were omitted; so that in the Kentucky act, as it was enrolled, these sections read as follows:

"A written notice need be signed, and an insufficient written notice may be supplemented and validated by a written communication. A misdescription of the instrument does not vitiate unless the party to whom the notice is given is in fact misled thereby. (Secton 95 )

"The notice may be in writing, and may be given in any terms which sufficiently identify the instrument and indicate that it has been dishonored by non-acceptance or non-payment. It may in all cases be given by delivering it personally or through the mails."

It will be seen that the Kentucky act provides that a written notice need be signed; that an insufficient written notice may be supplemented and validated by written communication and that the notice may be writing and may be given in terms which sufficiently identify the instrument. The purpose of the Legislature in striking out the word "not" in the first line of section 95 and in substituting "written" for "verbal" in the third line was to exclude parol testimony as to the notice and require it to be in writing; and so the words "or merely

oral" were omitted from section 96. For if an oral no-- tice was good, there was no reason why an insufficient written notice might not be validated by a verbal communication... An insufficient written notice might be entrely disregarded and when the Legislature provided that a defective written notice could only be validated by a written communication, it must have meant to exclude oral communications in the matter. We, therefore, conclude that under the Kentucky act, the notice must be in writing and signed; and that a verbal notice is insufficient.

Judgment affirmed.