## Treas v. Bank of Marshall County.

(Decided May 16, 1930.)

E. L. COOPER for appellant.

C. B. COX for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On August 9, 1921, the appellant, Treas, conveyed to Emmett Washburn a lot in the town of Benton in consideration of $2,750, for which Washburn executed his notes, the first for $1,500, due in six months, the second for $500, due in one year, and the third for $750, due in two years. The deed retained a lien to secure these notes. On the day the deed was made appellant, Grover C. Treas, sold and in writing assigned the first note to appellee, the Bank of Marshall County, but did not make an indorsement showing this fact on the margin of the record where the deed was recorded. Washburn paid the second note.

Shortly before the third note matured, appellant sold and assigned it to J. P. Stilley and made the following indorsement on the margin of the record of the deed in the clerk's office:

"I hereby release the lien retained in this deed as to all the notes mentioned herein except the last named note of $750.00, and no further. Said $750.00 having this day been sold, transferred and assigned to J. P. Stilley for value received.

"This May 4, 1923.
"(Signed)                    "Grover Treas."

Later when appellee learned of this, it made on the margin of the record the following indorsement:

"Notice is hereby given that the first mentioned note herein of $1500.00 is not paid, having been assigned to the Bank of Marshall County by the Grantor herein, August 9, 1921, and that the release on the margin made by Grover Treas is an error, so far as the above mentioned note is concerned and that the Bank of Marshall County is the holder in due course.

"Given under my hand this May 14, 1926.
"(Signed)                    "B. L. Trevathan,
          "Cashier of Bank of Marshall County."

On September 6, 1927, Stilley brought this action, setting up the above facts and alleging that he had bought the note without notice of the lien of appellee upon the representation of appellant that the other two notes were paid. He made appellant and appellee both

defendants to the action. A judgment was rendered in his favor, adjudging him a first lien on the land, which was sold under the judgment and bought by appellee on December 5, 1927, for $1,030. The property was appraised at $1,500. On January 11, 1928, appellee filed its answer and cross-petition in the action in which it alleged that its note was unpaid, and that there was due upon it the sum of $1,470. It alleged that appellant agreed as a part of the consideration for its discounting the note that it would have a prior and superior lien to secure same above the liens to secure the other notes named in the deed, and that appellant promised and agreed, as a part of the transfer, to assign his lien on the record of the deed, and that by the assignment the lien of appellee should be made prior and superior to the liens securing the other notes; that appellant failed to make this transfer and with the fraudulent intent to cheat it made the entry on the record stating that the note had been paid, well knowing that the note was not paid and that he had no right to make such a release; that Washburn was insolvent and had been insolvent all the time; that the land was of value of $2,000 at the time appellant made the release on the record. It prayed judgment against appellant for the amount of its note, $1,470. Appellant demurred to the cross-petition; his demurrer was overruled, and, he failing to plead further, judgment was entered in favor of appellee for the balance due on the note. He appeals.

Under the deed each of the notes was equally secured by the lien on the land, and, if the land did not sell for enough to pay them, the amount would have been prorated between the three notes. When Washburn paid off one of the notes, the whole of the land was in lien for the other two notes. The lien on the land existed by virtue of the writings. These were the deed, the notes, and the written assignment of the first note by Treas to the bank. The verbal agreement of Treas that the bank should have a superior lien not expressed in the written contract and in fact in conflict with the writing can only be shown upon an allegation of fraud or mistake in the writing. It must be presumed, as the pleading does not allege that the agreement was in writing, that it was verbal. Smith v. Fah, 15 B. Mon. 443; Hocker v. Gentry, 3 Metc. 474, 475. There being a written agreement the writing cannot be varied by parol evidence without an allegation of fraud or mistake in it. It follows that the

bank only had under its assignment from Treas a lien on the land jointly with the other two notes, and when Treas undertook to make the bank's note inferior to the note which he sold Stilley he simply deprived the bank of its right to divide the proceeds of the sale of the land pro-rata with Stilley; for, if he had not made the indorsement on the record to induce Stilley to buy, this would have been all the right the bank would have had. The bank was in fact damaged only to the extent above indicated; that is, the difference between what it gets under the sale of the land and what it would have gotten if the indorsement above referred to had not been made. The bank did not sue Treas upon his indorsement of the note. Its allegations are not sufficient for that cause of action. Ky. Stats. secs. 3720b-31, 3720b-48, 3720b-63, 3720b-71, 3720b-89; Hoyland v. Nat. Bank, etc., 137 Ky. 682, 126 S. W. 356; Grayson County Bank v. Elbert, 143 Ky. 750, 137 S. W. 792. That cause of action accrued more than five years before the cross-petition was filed, and so it was not sued on. The bank only sued him for making the release upon the record, and for the failure to keep his promise to make an indorsement on the record giving it priority over the other two notes. The measure of damages for the false indorsement which Treas made on the record is the difference between what the bank would have gotten without this and what it did get under it, as the agreement being in conflict with the written contract to give the bank a lien which he did not have under the contract, in the absence of fraud or mistake, cannot, as shown above, be enforced. The lien on the land was an interest in the land, and any contract respecting it must be in writing. Limitation was not pleaded, and to be available must be pleaded, as there was nothing here to show that none of the exceptions provided in the statute existed. Lyttle v. Johnson, 213 Ky. 274, 280 S. W. 1102; Pool v. Pool, 214 Ky. 267, 283 S. W. 111; Rowe v. Blair 221 Ky. 685, 299 S. W. 571; Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705. Besides the wrongful release was made within five years before the cross-petition was filed, and this wrongful release is the basis of the recovery. The rights of the parties do not turn on the value of the land when the attempted release was made. The bank could have sued at any time and had the land sold. The lien on the land could only be enforced by an action in equity to foreclose it. The courts were open, and, if the property depreciated in value before the bank asserted its rights,

the loss was due to its failure to assert its right sooner, and of this it cannot complain. The attempted release only gave Stilley priority over the bank as he was a good-faith purchaser for value. It was otherwise of no effect. The judgment entered by the court is for a larger amount than was proper under the pleading. The bank was only entitled to recover the difference between what it gets under the sale and what it would have gotten if Treas had not made the release complained of. On the return of the case to the circuit court, the court will determine the amount due as above indicated and enter judgment therefor.

Judgment reversed, and cause remanded for a judgment as above indicated.