## Harmon v. Rose.

(Decided October 24, 1930.,

C. F. SPENCER for appellant.

RODNEY HAGGARD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By this action the appellant, who was the plaintiff below, sought to recover damages for fright unaccompanied by physical impact. A demurrer to her petition was overruled. The defendant then traversed the allegations of that pleading, and on the issues thus formed, the parties went to trial. At the close of the plaintiff's evidence, the court peremptorily instructed the jury to find for the defendant, and from the judgment entered on that verdict, this appeal is prosecuted.

We find in the record that over appellee's objection the appellant filed her motion and grounds for a new trial on Monday, December 19, 1927. This case was tried and the verdict rendered on the preceding Thursday, which was December 15th. Section 342 of the Civil Code of Practice requires the motion and grounds for a new trial to be filed within three days after the verdict is rendered, and under the many decisions of this court, the day of the rendition of the verdict must be counted as one of these three days. Witt v. L. & E. Ry. Co., 158 Ky. 401, 165 S. W. 399. In the absence of any showing of any reason to the contrary, Saturday, December 17th, therefore, was the last day on which the motion and grounds for a new trial could have been filed. Traut v. Kirkpatrick, 231 Ky. 99, 21 S. W. (2d) 124. Since the motion and grounds for a new trial were filed too late, it follows that the ground here relied upon for a reversal, that is, the error of the court in peremptorily instructing the jury to find for the defendant, cannot avail the appellant. Johnson v. Boggess, 179 Ky. 649, 201 S. W. 42. Without deciding whether the petition stated a cause of action or not, we find that its allegations were all traversed, which being true, it follows necessarily that the judgment is supported by the pleadings. This being the only ques-

tion before us for determination, in the absence of a motion and grounds for a new trial, Western Assurance Co. v. Rector, 85 Ky. 294, 3 S. W. 415, 9 Ky. Law Rep. 3, it follows that the judgment of the lower court must be, and it is hereby, affirmed.