## Woolery v. Smith et al.

May 21, 1946.

Rehearing denied September 27, 1946.

R. H. Riggs for appellant.

John F. Coldiron for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

The trial court having sustained motions of William T. Smith and Mary Smith, the appellees, to dismiss the petition of R. L. Woolery, trading and doing business

as corner grocery, the appellant, the latter now prosecutes this appeal.

The questions that arise on this appeal are: (1) Whether the trial court's order was proper in dismissing the petition as to appellee Mary Smith on the ground that the exhibit filed with the petition contained only the name of William T. Smith and did not include the name of Mary Smith and (2) whether the trial court's order was proper in dismissing appellant's petition as to the remaining appellee William T. Smith on the ground that it stated a cause of action which was barred by the statute of limitation.

The appellant was a grocery merchant and his verified petition alleged that both the appellees were indebted to the appellant in the sum of $713.31 as a balance due for merchandise that was furnished to the appellees, and each of them, at their request; that appellees had promised to pay appellant the reasonable values of such merchandise; that the amounts charged in the account were reasonable; that he had often requested appellees to pay the indebtedness represented by the account with the result that appellees had refused and neglected to do so, although the account was past due and unpaid.

Three motions were made before the trial court in the course of this litigation.

The first motion was made by appellees for a court order requiring appellant to file an itemized statement of his account. This motion was properly sustained and no complaint has been made as to that ruling of the court. Thereupon, the itemized statement, consisting of 62 typewritten pages of items and including dates, descriptions and amounts, was then filed as Exhibit "A" and made a part of the record. The last entries on the last page of the exhibit are as follows:

(Year 1937 was shown above)

| "6/19 1 # 1 lettuce | | .10 | |
| --- | --- | --- | --- |
| | | balance | $1004.46 |
| November 13, 1939 | | Tax 8.85 | |
| | | balance | 1013.31 |
| Credit cash | | | 300.00 |
| | | balance | 713.31" |

This exhibit was headed "Statement of account of W. T. Smith with Corner Grocery, Russell, Kentucky." The exhibit did not contain the name of appellee Mary Smith, who is, according to briefs filed with us in this case, the wife of appellee William T. Smith.

The second motion filed in the trial court was by appellee Mary Smith for a court order dismissing the petition as to her because her name was not on the itemized account as it was set out in the exhibit. The trial court sustained appellee Mary Smith's motion and dismissed the petition as to her on the ground of her motion.

The third motion was made by appellee William T. Smith for a court order dismissing the petition as to him on the ground that appellant's cause was barred by limitation, the exhibit itself showing on its face that the last item of merchandise was purchased from appellant on June 19, 1937, which was more than seven years prior to the filing of appellant's cause of action on November 11, 1944. The trial court sustained appellee William T. Smith's motion and dismissed appellant's petition as to him on the ground of his motion.

The first question before us is whether a litigant coming into court on a good petition can be ordered out of court upon motion because the exhibit of his itemized account subsequently filed with the petition contains only one of the names of his two defendants, who are said to be man and wife. We have held that any exhibit that contradicts its petition or any exhibit that is inconsistent with its petition controls the pleading and makes the pleading bad on demurrer if such contradiction or inconsistency has the effect of knocking the legal props out from under the cause of action attempted to be set up by the petition itself. Howard et al. v. Howard, 236 Ky. 557, 33 S. W. 2d 635. However, we see no contradiction nor inconsistency between this appellant's petition, on the one hand, and his exhibit, on the other hand. The exhibit may be merely defective and incomplete. It is not necessarily contradictory nor inconsistent. It is also no doubt true that merchants often carry a family account in the name of the head of the family for the sake of convenience, even though others in the family have contracted the items of the account and obligated themselves for the payment of such items. It may be that appellant carried only the name of one of these ap-

pellees on his books for convenience, although both appellees obligated themselves on the contract of payment. Establishment of these matters as they may exist in reality should be permitted upon a trial, and we think it was hypertechnical and possibly incompatible with justice in this case to sustain appellee Mary Smith's motion to dismiss appellant's petition as to her because her name did not appear in the exhibit of the itemized account.

The second question before us is whether a defense of statutory limitation can be legally set up against a cause of action through a motion to dismiss the petition. Multitudinous are the decisions of this court to the effect that a defense based upon the statute of limitations is one that ordinarily must be pled rather than set up in a motion or demurrer. The obvious reason for this seems to be in the possibility of a litigant being able to avoid or excuse the running of a limitation against him by the existence of some condition beyond his control that operated to suspend the tabulation of time for a period. This avoidance of the limitation bar would ordinarily be permitted by a petitioner's reply following a defendant's answer pleading limitation. But the reply of avoidance could not be made until the pleading of the bar. To the general rule requiring limitation to be pled is an exception consisting of an action for relief from fraud, which latter cause filed more than five years after its original accrual must allege facts showing the fraud could not have been discovered within the five year limitation under exercise of reasonable diligence. Some of the later cases holding that a limitation defense must be pled in the general run of litigation are in the following citations: Treas v. Bank of Marshall County, 234 Ky. 376, 28 S. W. 2d 43; Commonwealth v. Kentucky Jockey Club, 238 Ky. 739, 38 S. W. 2d 987; Vance v. Atherton, 252 Ky. 591, 67 S. W. 2d 968; Markwell v. Kahlkoff, 258 Ky. 231, 79 S. W. 2d 984; McCarty v. McCarty's Adm'r, 258 Ky. 666, 81 S. W. 2d 8; Finch's Ex'r v. Hopewell, 285 Ky. 495, 148 S. W. 2d 345.

It is quite possible, nay even probable, that after a legal joining of the issues in this case and a full development of all the facts, this appellant's cause of action may be defeated because appellee Mary Smith is not at all obligated on this contract and because further the

cause of action is in fact barred by an unexcused lapse of time. But we think these unexplored possibilities should at least be developed by proper pleadings. Common justice demands that every litigant shall have his day in court and shall have, as we have sometimes heard it expressed, "a reasonably fair trial" at nisi prius.

Because the trial court committed errors in sustaining the motions of appellees to dismiss appellant's petition instead of requiring the issues to be joined on proper pleadings for the purpose of determining by such pleadings, and the defenses to be set up therein, the legal rights and wrongs of these parties as they may eventually prove to be existent among them, we now reverse the judgment herein for proceedings consistent herewith.

The judgment is reversed.