## Woolery v. Smith et al.

March 26, 1948.

R. H. Riggs for appellant.

John F. Coldiron and Thomas E. Nickel for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This case is before us for the second time. On the former appeal the judgment was reversed upon the ground that a plea of limitations could not be made by motion but must be set up by answer. The action, upon an open merchandise account, was commenced November 11, 1944. This was more than 7 years after the date of the last sale and delivery as shown by the account. A repetition of the historic background of the case is unnecessary as same may be found in the opinion on the former appeal. See Woolery v. Smith, 302 Ky. 725, 196 S. W. 2d 115.

Upon return of the case to the circuit court defendants, appellees here, filed answer specifically denying each allegation of the petition and each item as shown by the itemized account and pleaded and relied upon the statute of limitations. Plaintiff then filed reply

attempting to evade the plea of limitations by pleading that defendants made a payment upon the account on November 13, 1939.

The action was set for trial. In the course of the trial plaintiff's evidence disclosed that in 1927 C. S. McConihay owned and operated a retail grocery store in Russell doing business under the name of "Corner Grocery." Soon after the above date Mr. McConihay died, and under the terms of his will his wife, Virginia McConihay, became the owner of the business. It appears that the business had become greatly involved in debt. An agreement was entered into between the appellant, Woolery, and Mrs. McConihay by which Woolery was employed to manage and carry on the business for the McConihay estate and Mrs. McConihay individually. The agreement seemed to be that if through successful management of the store, when and if Woolery should pay off the indebtedness, Mrs. McConihay agreed to sell and transfer the stock of goods, fixtures and equipment to Woolery. On January 6, 1943, which was approximately 6 years after the date of the sale and delivery of the last item of merchandise as shown by the itemized statement, the transfer was made, which instrument indicates sale and transfer of the stock of goods, fixtures and equipment, including motor vehicles and good will, but without any reference to accounts then owing to the business. It appears that on June 27, 1939, Woolery filed and had recorded in the county clerk's office his affidavit and statement that on that date the "Corner Grocery" was owned solely by Virginia McConihay. The evidence tends to establish that all the merchandise was sold and delivered to the defendants by the estate of C. S. McConihay and Virginia McConihay long before the store was sold and transferred to Woolery. The same is true as to the credit for any payments for the goods so sold and delivered. Woolery did not plead that the accounts were sold or assigned to him.

At the close of the plaintiff's evidence, which was in substance as stated above, a motion was entered by the defendants to instruct the jury peremptorily for them. This motion was sustained; the petition was dismissed, and judgment was entered accordingly. Appellant prosecutes this appeal.

The decisive question which first confronts us is presented by the fact that no motion and grounds for new trial were filed. The judgment was entered on the 21st day of January. Appellant's counsel insists in his brief that on the third day after judgment he attempted to file motion and grounds for new trial but was unavoidably prevented from so doing due to the fact the court was not in session and that the Judge of the court had gone to Ashland. Appellees present in this record copies of the orders showing the court to be in session on the 23rd day of January, 1947, concluding with:

"I, Maynard Bush, Clerk of the Circuit Court in and for Greenup County, Kentucky, do hereby certify that said Court was open and in session on the 23rd day of January, 1947, that being the 10th day of the January Term, and that the foregoing four (4) pages set out the complete orders and Judgments and proceedings of said Court on said date.

"Witness my hand as Clerk of the Greenup Circuit Court on April 2nd, 1947."

Counsel insists he made his appearance for the filing of motion and grounds for new trial around 10:00 o'clock a. m. on the 23rd day of January. True, all the above proceedings might have been had before 10 o'clock. As stated by appellant in his brief, the presiding Judge may have gone to Ashland, but the difficulty is that he merely makes those statements in brief. We have held in numerous cases that something more than this must be done. There must be a showing by record evidence that he was unavoidably prevented from filing his motion and grounds for a new trial within the three day period and that mere statements of counsel in brief will not suffice. See Traut v. Kirkpatrick, 231 Ky. 99, 21 S. W. 2d 124, and Harmon v. Rose, 235 Ky. 701, 32 S. W. 2d 57. Therefore, appellees must prevail in their contention that the questions raised herein by appellant cannot be heard. The appeal then, resolves itself into the one question as to whether or not the pleadings support the judgment. Special and general demurrers to the petition had been filed, each of which had been overruled. By answer, appellees denied the allegations of the petition and each item as shown in the itemized statement of account. They pleaded the statute

of limitations. Obviously, the pleadings support the judgment.

Wherefore, the judgment is affirmed.