## Odley v. Wilson.

February 25, 1949.

S. Jewell Rice for appellant.

Allen, Duncan, Duncan & Arnold for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The facts of this case as supported by the record are so completely and accurately stated by counsel for appellant in his brief (upon which we cannot improve) that we approve and adopt counsel's statement thereof as a basis for this opinion. They are:

"This is an appeal from Fayette County in an action in which a default judgment was rendered against appellant in an action against a non-resident of Kentucky under the motor vehicle law providing for substituted service of personal process by serving it on the Secretary of State. The action was filed in the Fayette Circuit Court on April 11th, 1946, and final judgment (for $600—amount claimed in the petition) was entered on the 13th of November, 1946. A verified petition was filed in the case and summons and certified copy of petition was served on the Secretary of State, but no address of the defendant was given in the petition. The return of the Secretary of State shows that he registered a letter to the defendant to an address (1413 North Euclid Avenue) in Pittsburgh, Pennsylvania, and that his letter was returned marked 'unclaimed' and the certified copy of petition was returned along with his letter to the Clerk of the trial court.

"No further action was taken by appellee until five or six months later when a properly proven copy of the judgment was sent to a Pittsburgh firm of lawyers and suit was instituted there on said judgment, whereupon appellant, through counsel filed (on May 13, 1947) a motion in the Fayette Circuit Court asking for a new trial, executed bond for the costs and tendered into court his verified answer and a counterclaim for damages, alleging that the collision complained of in the petition resulted from the carelessness and negligence of the plaintiff. The trial court granted the motion for a new trial on May 24th, 1947, and an order to that end was entered in the action, which order was signed by counsel for

plaintiff and defendant and Judge Chester D. Adams. The wording of this order shows that there was no actual personal service on the defendant. The case was then returned to the rule docket for assignment but before the case was set down for trial and on February 19th, 1948, plaintiff's counsel filed a motion to set aside the order granting a new trial and to strike from the record the answer and counterclaim filed by the defendant, and on May 24th, 1948, said motion was granted and an order to that end entered in the action. From this order the appeal in this case is taken." (Our parenthesis.)

A jury was empaneled to assess the damages, the allegations of the petition having been taken as confessed in the absence of any defense by defendant, but the record does not show that any testimony was heard as to the amount of damages. It is clear that the court concluded, as manifested by the order appealed from, that the requirements of Chapter 188, secs. 188.010 to and including 188.060, were complied with and conferred jurisdiction of the Fayette circuit court of the person of defendant so as to authorize a personal judgment against him for the amount of plaintiff's damages as found by the jury. The chapter of the statute prescribes for a substituted personal service on a non-resident operator or owner of a motor vehicle as described in the statute supra to the same extent as an actual service of summons made in this state. Defendant's motion made on May 13, 1947, was based on section 414 of the Civil Code of Practice when defendant is before the court on only constructive service entitling the court in which the action is filed to proceed with the determination of the case in the absence of actual service or appearance entered by defendant subject, however, to defendant's right to appear as prescribed in section 414, supra, for any relief to which he may be entitled. But in no event does such a service give the court jurisdiction of defendant's person so that a personal judgment may be rendered against him, which is expressly prescribed by section 419 of the Civil Code of Practice, which says:

"No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State as provided in section 56, and who has not appeared in the action."

Moreover, constructive service as prescribed in Title IV, Chapter 2, Article 2, of the Civil Code of Practice, may not be employed and is not available, except when the court in which the action is pending has jurisdiction of some local rem in which the non-resident defendant has an interest. In this case the court had no jurisdiction of any rem in which defendant (appellant) had any interest whatever. Therefore, the judgment appealed from was not based on constructive but only on substituted actual service. It will also be observed that no warning order attorney was appointed, nor was there any bond given as prescribed by section 414 of the Civil Code of Practice, and such failures of practice, together with the absence of any jurisdictional rem, rendered the personal judgment of $600 in favor of plaintiff absolutely void, which disposes of all discussions in briefs with reference to constructive service.

In this case, however, the plaintiff, as above shown, endeavored to recover a personal judgment against appellant by *substituted* personal service, as prescribed in Chapter 80, Acts of 1930, page 247, now Chapter 188, KRS. The rule to be followed in construing statutes providing for both constructive and substituted service is thus stated in 42 A.J. 55, section 66, which says:

"Substituted service and service by publication was unknown to the common law but depends upon statutory authorization, and the principle of statutory construction that there must be strict compliance with enactments modifying the course of common law in regard to legal proceedings is exemplified in the cases involving the construction and applications of provisions authorizing substituted and constructive service. When, by the local law, substituted or constructive service is in certain situations substituted in the place of personal service when the latter is inconvenient or impossible, a strict and literal compliance with the provisions of the law must be shown in order to support the judgment based on such substituted or constructive service. Jurisdiction is not to be assumed and exercised on the general ground that the subject matter of the suit is within the power of the court. The inquiry must be as to whether the requisites of the statute have been complied with, and such compliance must appear on the record."

In note (5) to that portion of the inserted text, requiring *strict compliance* with such statutes, there is cited a list of cases filling almost a column of the page in support of that declaration. In the case of Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767, 769, our statute supra providing for substituted actual service was sustained under an attack that it was unconstitutional in that it did not furnish due process of law, but we upheld it and in the course of the opinion said:

"Even under statutes providing for the mailing of notices to the defendant, or to the defendant at his last-known address, the state officer whose duty it is to communicate the notice is not possessed of that information, but must acquire it from some one else. The plaintiff in the action against the nonresident defendant motorist is the person most concerned. If the address of the defendant is not *stated in the petition*, there is nothing on which the secretary of state may act. Unless the plaintiff can find out where the defendant lives, he cannot obtain a judgment against him or collect the judgment after it has been obtained. In view of his interest in the matter, it is not to be presumed that plaintiff will act without proper inquiry or investigation, or resort to fraud that may defeat his action."

In this case no address whatever was contained in the petition of appellee, not even the city in which defendant resided, much less his street address within the city of his residence. The Hirsch case, as well as the text in 42 A.J., states that whenever such statute is shown *by the record* to be sufficiently complied with as to make it reasonably probable that the required process was served upon defendant as directed by the statute, it will be sufficient, but in this case not only was there no present address of defendant, either city or street, contained in the petition, as our statute requires, but there was also no statement of defendant's "last-known address" so as to make it "reasonably probable" that he received the Secretary of State's letter addressed to him with its enclosures, including a copy of plaintiff's petition. If defendant's postoffice address were in a small town it would perhaps be sufficient for the petition to contain his general postoffice address, but not so when he resides in a large city rendering it practically

impossible for him to receive the letter of the Secretary of State, and in which case no presumption could be indulged that he did or may have received it.

There is nothing in the record to show how the Secretary of State obtained appellant's address. However, in the brief of appellee's counsel it is stated that defendant gave his address to them before he left the state for his home, following the collision, but no such facts appear anywhere *in the record,* nor does it show that counsel conveyed to the Secretary of State any such fact. The statement by counsel in their brief filed in this court is no more effective than if they had orally informed us of such facts before disposing of the appeal. It is everywhere held that facts so injected, dehors the record, may not be considered as evidence in the case.

The court, therefore, correctly and properly sustained appellant's motion to set aside the personal judgment against him and that he "be admitted to make defense to the cause of action set out in plaintiff's petition and that said action shall be retired as if there had been no judgment entered herein." Having so concluded it necessarily follows that the court erred in its order appealed from, and in striking appellant's answer and counterclaim from the record, thereby restoring plaintiff's personal judgment for $600 against appellant.

Wherefore, the judgment is reversed with directions to set it aside and proceed to try the case "as if there had been no judgment entered herein."