**S. H. RALEIGH, Plaintiff,**

v.

**DIXIE OHIO EXPRESS, a corporation, Defendant.**

**No. 632.**

United States District Court
E. D. Kentucky.
Pikeville Division.

Dec. 13, 1960.

J. A. Runyon, Pikeville, Ky., for plaintiff.

Stoll, Keenon & Park, by C. Gibson Downing, Lexington, Ky., for defendant.

SWINFORD, District Judge.

The record is before the court on the defendant's motion to quash the return on the summons and motion to dismiss for improper venue.

The complaint alleges that the defendant, through its agents, servants and employees, negligently and carelessly operated a truck belonging to the defendant in such a manner as to cause the automobile in which the plaintiff was riding to collide with the truck with such force and violence as to cause him to suffer severe and permanent injuries which resulted in physical pain, loss of power to earn money, and hospital and medical expenses.

It is alleged that the accident occurred on October 23, 1959, near Dayton, Tennessee. No personal service was had upon the defendant in this district. It is sought to be brought before the court by the provisions of the Nonresident Motorists, Service of Process Act, Chapter 188 of the Kentucky Revised Statutes.

The statute provides for constructive service against a motorist who accepts the privilege extended by the laws of this state to nonresidents to operate mo-

tor vehicles or have them operated within this state. It provides that they shall thereby have accepted the terms of the local law which makes the Secretary of State their agent or personal representative for the service of process in any civil action instituted in the courts of this state arising out of any accident or collision within *this* state in which the motor vehicle is involved. Obviously, to undertake to extend this right of constructive service on the basis of the allegations of the complaint would be beyond the purpose of the statute. KRS 188.-020; 188.030.

■■ Since the automobile collision complained of occurred in Tennessee, and not on a highway in Kentucky, it is clear that the defendant cannot be brought before a court in this state by substituted or constructive process, and is, consequently, not properly before the court. Substituted service is dependent upon statutory authorization and there must be strict compliance with the statutes in order to effect a valid service. Odley v. Wilson, 309 Ky. 507, 218 S.W.2d 17.

The motion to quash the return on the summons should be sustained.

■ In considering the motion to dismiss, the record reveals that this is a case of a civil nature, the amount in controversy exceeds ten thousand dollars, and the parties are of diverse citizenship. The allegations meet the requirements of 28 U.S.C.A. § 1332(a) (1), as amended, and the jurisdiction of this court is properly invoked. The plaintiff alleges that he is a citizen and resident of this judicial district. The requirements of the venue statute, 28 U.S.C.A. § 1391(a), are therefore properly met. Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S. Ct. 83, 98 L.Ed. 39.

The motion to dismiss should be overruled.

An order in conformity with this memorandum is this day entered.