John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

Dallas SHEPHERD et al., Appellees.

Court of Appeals of Kentucky.

March 20, 1970.

Martin Glazer, Thomas R. Emerson, Dept. of Labor. Frankfort, for appellant.

Woodrow W. Burchett, Prestonsburg, for Dallas Shepherd.

Workmen's Compensation Bd., J. Keller Whitaker, Frankfort, Secretary, for appellee.

REED, Judge.

This is a workmen's compensation case that involves an occupational disease claim by reason of disability resulting from pneumoconiosis. The Workmen's Compenation Board awarded the affected employee 35-percent permanent partial disability and directed that the compensation benefits be paid by the Special Fund. The employee appealed to circuit court. That court concluded that the compensation awarded by the Board was based on functional disability. The circuit judge remanded the case to the Board with directions to enter an award against the Special Fund for permanent and total disability. The Fund appeals. We affirm.

Dallas Shepherd, the employee concerned, is a 34-year-old underground coal miner who had worked in the mines for 7 to 10 years before the alleged occupational disease was contracted.

Four qualified physicians testified that Shepherd had contracted and was suffering from pneumoconiosis and that this disease had resulted from his exposure to silica dust. All of these physicians testified, from a medical standpoint, of course, that Shepherd's disease had not progressed to the stage where he could be considered disabled to perform any kind of work, but all of them said that he could not return to underground coal mining because that would necessitate additional exposure to silica dust. Four other qualified physicians testified that they could find no evidence of the existence of an occupational disease in Shepherd's case. The Board found from the evidence that Shepherd was suffering from pneumoconiosis.

The evidence is uncontradicted that the sole occupation for which Shepherd is qualified by training or experience is that of underground coal mining. Hence, it is beyond dispute that his only occupational classification is underground coal mining. The evidence is further undisputed that Shepherd quit work and substantial medical evidence establishes that he cannot pursue his sole occupational classification because to do so would be tantamount to a direct invitation to either alternate extreme incapacity or eventual death.

The Special Fund argues that the Board very easily could have found the other way on the issue of whether the occupational disease existed. The Fund concedes, however, that there is substantial evidence to support the finding. The real complaint made concerns the extent of disability caused by the disease. The Fund urges that the circuit court erred in setting aside the Board's finding of 35-percent permanent partial disability and directing an award for total disability.

Osborne v. Johnson, Ky., 432 S.W.2d 800 clearly points out that the new rule enunciated therein for determining disability in the injury category of workmen's compensation cases does not affect the rule in occupational disease cases. That rule is set out in Allen v. Commonwealth, Department of Highways, Ky., 425 S.W.2d 283. Therein it is held that whatever may be a covered employee's occupational disease, it becomes a "compensable disability" only when in fact it results in a cessation or curtailment of performance.

The only medical witnesses in this case who expressed opinions on the extent of disability all testified from a purely medical standpoint. All medical witnesses who testified they were able to diagnose the existence of the disease stated that the claimant could no longer safely carry on the work necessitated by his sole occupational classification. The claimant is not undertaking to do so. The performance of his occupation has ceased; he is unable to work and he, therefore, satisfies the rule for compensability by reason of occupational disease. Once the Board accepted the finding of the existence of the occupational

disease, the other evidence in its uncontradicted form required a finding of total disability. Cf. Young v. Phelps Collieries Co., Inc., Ky., 439 S.W.2d 77.

The Fund urges that this result means that the presence of silicosis necessarily requires a finding of permanent and total disability. That proposition is not correct. In those instances where the affected employee continues to work in his occupational classification or his situation concerning the effect of his occupational classification, or perhaps classifications, as related to the particular disease, is different, the result could well be a finding of no compensable disability or partial disability. That, however, is not the case here and we will leave the determination of those problems to cases which properly present them.

The judgment is affirmed.

All concur.