John W. YOUNG, Commissioner, Kentucky
Department of Labor, and Custodian of
the Special Fund, Appellant,

v.

Raymond FRALEY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Rehearing Denied Feb. 4, 1972.

Gemma M. Harding, Louisville, Thomas R. Emerson, Department of Labor, Frankfort, for appellant.

Perry & Greene, Paintsville, Fred G. Francis, Prestonsburg, for appellees.

NEIKIRK, Judge.

Raymond Fraley was awarded by the Workmen's Compensation Board permanent total disability benefits, all to be paid by the Special Fund. The Floyd Circuit Court affirmed the Board's award. From this judgment, the Special Fund appeals. We reverse.

Fraley had worked as a coal miner for over thirty years. On August 15, 1965, he voluntarily quit his employment as a coal miner. Thereafter, he attended a vocational school where he learned to be a draftsman. Since leaving the school, he has been employed by the Kentucky Department of Parks as a draftsman. At the time of the proceedings before the Board, he was earning $436 per month. His salary as a coal miner had averaged $90 per week.

As a result of a medical examination in December 1969, Fraley learned for the first time that he had silicosis or pneumoconiosis. It was after this examination that he filed a claim with the Workmen's Compensation Board. It was uncontroverted that Fraley has silicosis or pneumoconiosis and that as a result he can never return to his prior occupation as an underground coal miner.

The Special Fund contends that Osborne v. Johnson, Ky., 432 S.W.2d 800, applies to

an occupational disease condition and that the Board and Floyd Circuit Court were in error in determining otherwise.

In Young v. Marsillett, Ky., 473 S.W.2d 128 (decided October 8, 1971), we held that the Osborne case is applicable to an occupational disease condition such as in the instant case.

The Marsillett case is dispositive of the issues presented on this appeal.

The judgment is reversed and remanded to the Board, with instructions to re-evaluate the percentage of disability in accordance with the Osborne case.

All concur.