James R. YOCOM, Commissioner of Labor, etc., and B & R Coal Company, Appellants,

v.

William Roy HICKS et al., Appellees.

Court of Appeals of Kentucky.

April 20, 1973.

Gemma M. Harding, Dept. of Labor, Louisville, Charles R. Luker, Luker, Luker & Roberts, London, for appellants.

Neville Smith, Manchester, for appellees.

CATINNA, Commissioner.

The Workmen's Compensation Board dismissed a claim filed by William Roy Hicks against B & R Coal Company for compensation for permanent and total disability caused by the occupational disease of silicosis. Hicks appealed to the Clay Circuit Court where the Board's decision was reversed and the action remanded to the Board for a re-evaluation of the percentage of disability resulting from Hicks' occupational disease. The Special Fund and the B & R Coal Company appeal.

William Roy Hicks had worked in the underground mines of Kentucky for a period of more than thirty years prior to February 15, 1968, when he was laid off by the B & R Coal Company because the mine had been "worked out." Hicks, after drawing unemployment compensation for the stipulated period of time, obtained full-time employment as an ambulance driver for Britton Funeral Home at a salary of $10 per day.

On November 16, 1970, Hicks was examined by Dr. Boyce E. Jones who determined that he was afflicted with silicosis. Hicks filed his claim with the Workmen's Compensation Board which, after a hear-ing, denied the claim because Hicks was unable to prove two years' exposure in the mines immediately prior to the onset of his disability.

Hicks testified at the hearing before the Board that at the time he quit working for the B & R Coal Company he had been noticing a shortness of breath which had prevailed for a period of some four years.

Dr. Jones testified that upon the basis of his examination Hicks was afflicted with silicosis on February 15, 1968, when he was laid off by the B & R Coal Company. The doctor testified that Hicks was totally disabled for any type of work or activity in mines or in any environment in which he would be in contact with the dusts found in a mine. He further testified that silicosis was a progressive disease but that such progression would be minimal where Hicks was no longer exposed to dusts and that the finding made by him on his examination of Hicks probably could not have been distinguished from the same findings that would have resulted from an examination made on the day Hicks last worked in the mines. The doctor said: "I would not hesitate to state that I would think his condition was the same at the time he stopped working in the dusts as it was at the time of my examination."

Dr. Richard P. O'Neil testified that upon the basis of his examination of Hicks he was "totally occupationally disabled from coal mine work." He stated that Hicks had silicosis on February 15, 1968, the last day that he worked in the mines. This doctor further testified that it would take a minimum of at least ten years' exposure for Hicks to have developed silicosis to the extent of that found upon examination.

■ Hicks' employment as an ambulance driver did not preclude his being disabled at the time he last worked in the mines.

■ The evidence shows that Hicks was disabled by silicosis to the same degree at

the time he terminated employment with B & R Coal Company as at the time of his examination by the doctors. Young v. Marsillett, Ky., 473 S.W.2d 128 (1971), is dispositive of the issues upon this appeal.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.