**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Hershel YATES, Childers Coal Company and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 3, 1978.

Discretionary Review Denied June 27, 1978.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

W. W. Burchett, Burchett, Burchett & Burchett, Prestonsburg, for Hershel Yates.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for Childers Coal Co.

Before HOWERTON, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is a workmen's compensation case in which the Special Fund appeals from a judgment sustaining a final order of the Workmen's Compensation Board awarding claimant total and permanent benefits as a result of pneumoconiosis/silicosis.

Appellant, Hershel Yates, is a thirty-one year old coal miner who has been engaged as such all of his industrial life. He has a sixth grade education and his dependents consist of his wife and five young children. On July 28, 1976, Yates filed his application for adjustment of claim alleging that he had become affected with the dust inhalation disease during July of 1974. The Special Fund was made a party in the original application.

During August or September, 1974, Yates obtained employment as a school bus driver from which he earned a gross monthly sum of $233.00 as compared to $200.00 per week in the mines.

Only the Special Fund appealed to either the circuit or this court.

The Special Fund contends that it was error to award appellee permanent and total disability when the evidence showed that he "maintained a *full-time* job as a bus driver" (emphasis added). The appellant relies on *Young v. Marsillett*, Ky., 473 S.W.2d 128 (1971) and in so doing says:

> In that case the Court of Appeals held that an award of total disability was not justified where the Claimant was working full-time at other employment at a salary exceeding the maximum amount he had earned as a coal miner.

A review of the transcript indicates that Yates drives a school bus 2½ hours per day or a total of 12½ hours per week. We are told that the appellee would be unable to perform this task ". . . if I wasn't sitting." We believe it beyond reason to compare this employment with that of 40 hours per week as a coal shooter. The job which Yates describes is not a full-time job. KRS 342.140.

We find it difficult to follow appellant's reasoning when it urges that *Young, supra,* is controlling here, for unlike that case Yates is earning approximately one-fourth the salary as a bus driver compared to mining, while in *Young, supra,* the earnings subsequent to the injury exceeded those gained prior to the filing of the claim. For that matter, Justice Osborne speaking in *Young* mentioned "[w]hereas, in the case of the victim of pneumoconiosis/silicosis, the disease is progressive." Appellant's authority is of no assistance to its position.

The Special Fund does not attack the board's finding of total disability from the standpoint of the medical evidence, but only upon the ground of the claimant's ability to perform part-time work. Neither of the defendants below availed themselves of the opportunity to show that any regular employment was available to appellee. On the other hand, Yates related his work history (solely mining); his education (six grades plus two months into the seventh); his inability to return to the mines; and the necessity of providing for his family.

KRS 342.620(9), defining disability, directs us to take into consideration such factors as the type of work the injured employee is customarily able to do in the area where he lives and it is common knowledge that the only industry of any import generally providing an ample wage in Floyd County is coal mining. This, Hershel Yates is unable to do. What he can perform is a part-time sedentary job driving a school bus a couple of hours per day. We cannot perceive how the work that appellee does lessens his disability to labor in the coal industry.

We believe the applicable principles for a case such as this are found in 2 Larson's *Workmen's Compensation Law* § 57.51 (1976) to the effect:

> "Total disability" in compensation law is not to be interpreted literally as utter and abject helplessness. Evidence that claimant has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability nor require that it be reduced to partial. The task is to phrase a rule delimiting the amount and character of work a man can be able to do without forfeiting his totally disabled status. The rule followed by most modern courts has been well summarized by Justice Matson of the Minnesota Supreme Court in the following language:

> "An employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled." (*Lee v. Minneapolis St. Ry.*, 230 Minn. 315, 41 N.W.2d 433, 436 (1950))

The foregoing is often referred to as the "odd-lot" doctrine first denominated as such by Judge Moulton in *Cardiff Corp. v. Hall*, [1911] 1 K.B. 1009 and restated in American Jurisprudence by Judge Cardozo in *Jordan v. Decorative Co.*, 230 N.Y. 522, 130 N.E. 634 (1921).

In the case at bar, the appellee was found to be totally and permanently disabled. He

did not return to *regular* employment. In such cases as *Couliette v. International Harvester Co.*, Ky., 545 S.W.2d 936 (1976); *Yocom v. Keene*, Ky., 512 S.W.2d 27 (1974) and *Winn Dixie Louisville, Inc. v. Watson*, Ky., 473 S.W.2d 148 (1971) there was a return to *regular* employment (total disability) or a situation involving *partial* disability. Because of these distinctions, we think they have no application here.

The enactment of KRS 342.620(9) did not modify the principles of *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968), see *Couliette, supra*, and *Osborne* stands for the proposition that the board and courts should look to the impairment of the injured workmen's ability to do some gainful work in the future or, putting it another way, his overall earning capacity as viewed in terms of future prospects. This is the guidepost in spite of the fact that the usual work may be continued. In the litigation at bar, not only are the wages decreased but also the job is part-time. The condition is permanent and total and will progressively deteriorate. *Young, supra*. We are not prepared to tax the appellee for his efforts to sustain his family.

We are aware that the board made no specific finding that Yates was incapable of performing any kind of regular employment but in this respect, we are governed by *Caudill v. Maloney's Discount Stores*, Ky., 560 S.W.2d 15, 24 Ky.L.Summ. 16 (1977) wherein Justice Reed stated:

> As in *Tackett v. Sizemore Mining Company*, Ky., 560 S.W.2d 17 (this day decided), we conclude that Caudill's own testimony, education, work experience and physical condition, together with the medical evidence introduced by her, established an evidentiary foundation sufficient to support, but not to compel, a finding by the Board that she was incapable of performing any kind of work of regular employment and, therefore, was totally disabled under the *Osborne v. Johnson* formula.

The judgment of the Floyd Circuit Court is affirmed.

All concur.