James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, and Uninsured Employer's Fund, Appellants,

v.

Russell RATLIFF, Flatwoods Mining Company, Steeles Creek Coal Company, Childers Coal Company and Workmen's Compensation Board, Appellees.

Russell RATLIFF, Cross-Appellant,

v.

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Uninsured Employer's Fund, Flatwoods Mining Company, Steeles Creek Coal Company, Childers Coal Company and Workmen's Compensation Board, Cross-Appellees.

Court of Appeals of Kentucky.

July 28, 1978.

Rehearing Denied Sept. 22, 1978.

Discretionary Review Denied
Dec. 19, 1978.

John Riehl, Jr., Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for James R. Yocom (Special Fund).

Michael G. Richardson, Asst. Atty. Gen., Frankfort, for Frances Jones Mills, Treasurer and Custodian of the Uninsured Employer's Fund.

William S. Kendrick, William G. Francis, Francis, Kazee & Francis, Prestonsburg, for Flatwoods Mining Co., Steeles Creek Coal Co.

Kelsey E. Friend Law Firm, R. Roland Case, Pikeville, for Russell Ratliff.

Before LESTER, VANCE and WILHOIT, JJ.

VANCE, Judge:

Appellee, Russell Ratliff, for many years a coal miner, contracted pneumoconiosis while in the employ of appellee, Flatwoods Mining Company. He was informed by his doctor on March 13, 1975, that he had the disease, but he continued work with Flatwood until May 8, 1975, when he quit work because of his disability. He filed a compensation claim against Flatwood and the appellee, Steeles Creek Coal Company, on July 1, 1975.

Before the filing of his claim, however, Ratliff began working as a coal miner for Childers Coal Company and worked for that company for two months, from June 1, 1975, to August 1, 1975. On October 15, 1975, he amended his claim to make Childers Coal Company a party. The filing of the amended claim was the only notice given to Childers Coal Company.

The Workmen's Compensation Board dismissed the claim against Childers Coal Company for failure to give timely notice. It dismissed the claim against Flatwood Mining Company and Steeles Creek Coal Company because they were not the employers in whose employment Ratliff was last exposed to the hazard of the disease. KRS 342.316(1)(a).

On appeal, the Floyd Circuit Court reversed the order dismissing Childers Coal Company and affirmed the dismissal as to Flatwood Mining and Steeles Creek.

Because Childers Coal Company was uninsured, the judgment imposes a potential liability upon the Uninsured Employer's Fund as well as the Special Fund. Both funds appeal. Ratliff has cross-appealed from that part of the judgment which dismissed the claim against Flatwood Mining Company and Steeles Creek Coal Company.

We reverse the judgment on both the appeal and the cross-appeal.

■ There is ample evidence to support the determination of the Board that Ratliff failed to give due and timely notice to Childers Coal Company. He was aware two months prior to becoming employed by Childers that he had pneumoconiosis. He worked for Childers for two months, quitting on August 1, 1975, and gave no notice of disability until October 15, 1975. He offers no reasonable excuse for this delay. Assuming that Ratliff could be excused for failure to notify Childers as long as he worked for it, he did not notify Childers until two and one-half months after he terminated his employment, and no case cited by Ratliff holds that notice given two and one-half months after disability is sufficient per se under the statute. In some cases a delay of even greater length has been held reasonable under the particular circumstances of those cases, but as we have pointed out, there was no circumstance here which could be said to be a reasonable excuse for the delay. The order of the Board dismissing as to Childers Coal Company should have been affirmed.

■ Pneumoconiosis is an occupational disease. An award for permanent partial disability resulting from occupational disease was approved in *Young v. Marsillett,* Ky., 473 S.W.2d 128 (1971). Although disability from pneumoconiosis is not recognized to exist so long as a miner remains continuously employed by the same employer (*Mary Helen Coal Corporation v. Chitwood,* Ky., 351 S.W.2d 167), that fiction ends when the employment is terminated, *Yocom v. Karst,* Ky., 528 S.W.2d 697 (1975).

In *Karst,* it was expressly recognized that a claim for permanent partial disability from pneumoconiosis materializes as soon as a miner terminates his employment in a coal mine. The claim for compensation for whatever disability exists at the termination of employment is not affected by subsequent employment as a miner by a different (or even the same) employer. We think Ratliff stated a claim against Flatwood Mining Company and Steeles Creek Coal Company. He should be permitted to proceed with his proof on that claim. The judgment dismissing the claim as to Flatwood and Steeles Creek is erroneous.

It is true that KRS 342.316(1)(a) imposes liability upon the employer in whose employment the last hazardous exposure oc-

curs. The holdings in *Young v. Marsillett, supra,* and *Yocom v. Karst, supra,* limit the application of the statute and permit a claim for disability from pneumoconiosis to be filed the moment the disease is discovered and the employee has terminated his employment, and the claim may proceed to an award for such disability as then existed, even though the employee subsequently is re-employed as a miner. The fact of subsequent employment will have bearing only as to the extent of the disability. *Yocom v. Karst, supra.*

The judgment is reversed both on the appeal and the cross-appeal for the entry of a new judgment in conformity with this opinion.

All concur.